## French v. Gardeners & Farmers Market Co., Inc., et al.

(Decided Dec. 2, 1938.)

THOMAS C. MAPOTHER and ALEX BERMAN* for appellant.
DAVIS, BOEHL, MARCUS & VISER for appellees.

OPINION OF THE COURT BY JUDGE RATLIFF—Reversing.

Appellant brought this suit in the Jefferson circuit court to recover of appellees, Gardeners and Farmers Market Company, and August Gargatto, for personal injuries sustained by her by falling on the brick walk at or near the place of business of Gargatto while purchasing from him a watermelon.

The arrangement and manner of the operation of the place of business by appellees is aptly set out in a stipulation between the parties, as follows:

"It was thereupon stipulated by and between counsel that the Farmers and Gardeners Market Company at the time and place involved herein maintained and operated the market referred to, including the stall of Mr. Gargatto's, and the walkway, or path, adjacent to same, and recognized the obligations to keep it clean. It is further stipulated that the defendant, Gargatto, operated the stall referred to in the evidence where the plaintiff was in the act of negotiating the purchase of watermelons, and that the watermelons were handled and sold there by Gargatto; that the walkway adjoining the Gargatto store was twelve feet wide and made of street brick, the middle four feet of which was for pedestrians, and the four feet on each side to be used by the gardeners or retailers for the display of their goods, and the unobstructed portion is for the use of patrons and customers and the parts were indicated by white lines, the four foot sections.

"It is further stipulated that the Market Corporation, as owners and operators of the Hay Market in the City of Louisville give to various gardeners and purchasers as well, retailer's permits for a consideration to use certain stalls on the Hay Market for the purpose of selling various farm products including watermelons, vegetables, and fruits of all kinds, and that it issued such a permit to Mr. Gargatto covering the stall involved herein; and that Gargatto was operating on his own account under a City license on the day of this accident."

The substance of plaintiff's petition is that on or about July 6, 1935, while she was at the place of business of the defendants for the purpose of purchasing watermelons and perhaps other vegetables, she stepped on dirt, filth or rubbish, which the defendants negligently suffered and permitted to remain on the passageway at a place where she as well as other customers had the right to be, and was caused to fall, which resulted in the injuries for which she has sued; that the premises were in a dangerous and unsafe condition for customers or others having the right to use same, which condition was known by defendants, their agents, servants and employees, or could have been known by them by the exercise of ordinary care.

Appellant testified that the accident was caused by her stepping on a piece of watermelon at the place and time indicated above. She does not state that she saw the piece of watermelon before she stepped on it, but it is established by the evidence of other witnesses that after the accident they saw a piece of watermelon or watermelon rind sticking to the shoe heel of appellant. There is no evidence tending to show who put the watermelon rind on the walk—whether it came from the stand of Gargatto or was thrown there by some pedestrian or other person while about the premises. Appellees insist that in the absence of any evidence tending to show that the watermelon rind was placed upon the walk by defendants, their servants or employees, and the time it had been there, as shown by the evidence, was insufficient to charge appellees with notice thereof. The only evidence tending to show the length of time the watermelon rind had been on the walk is that of Charles Edward Woods. He testified that he drove appellant, her daughter and another lady companion to the market in appellant's car and after appellant and her companions got out of the car he parked it on the street about 30 or 40 feet from the sidewalk or place where appellant fell and while sitting there in the car he saw the piece of watermelon or watermelon rind on which plaintiff stepped and caused her to fall, 25 or 30 minutes before she fell. He further said, in describing the condition of the premises, that ''There was plenty of pieces of watermelon there, plugs where they had been selling melons, and banana peels, and onion tops * * *.'' The evidence of other witnesses tended to show the same conditions of the premises testified to by Woods.

At the close of the evidence for appellant the court sustained a motion of appellees for a directed verdict in their favor and rendered judgment dismissing appellant's petition. She appeals.

The meticulous question to be determined is whether or not the watermelon rind on which plaintiff stepped and caused her to fall had been there a sufficient time to charge appellees with notice thereof. Appellees insist that 25 or 30 minutes time was not sufficient to charge them with notice and, to support their position, they rely upon the cases of Kidd v. Modern Amusement Company, 252 Ky. 386, 67 S. W. (2d) 466; Louisville & Nashville Railroad Company v. O'Brien, 163 Ky. 538, 174 S. W. 31, Ann. Cas. 1916E, 1084, and cases therein cited, and certain foreign cases of a like nature.

In the Kidd Case, supra, Mrs. Kidd slipped upon a crysanthemum blossom lying within the entrance of the Kentucky Theater in Louisville and thereby caused to fall and sustain certain injuries. She produced no evidence that the flower had been put there by any of the employees of the theater or that they knew it was there, and had no evidence tending to show how long the flower had been there. It was held that a peremptory instruction asked by the Theater Company was properly given. In the O'Brien Case, supra, the plaintiff sought to recover from the Railroad Company for injuries sustained when he slipped on a banana peel on a car step. It was held that since it was not shown that any of the railroad company's servants knew of the presence of the banana peel upon the steps or that it had been there such a length of time before the accident happened as would impute notice to them, the plaintiff failed to make a case for the jury and a directed verdict for the railroad company was proper. It was also pointed out in that opinion that a carrier is not bound to anticipate unusual and unexpected causes of peril.

In those two cases, supra, it is to be noticed that the defendants were not engaged in a business reasonably expected to produce or to cause others to produce the perils which caused the injuries. In such cases a longer period of time might be necessary to impute constructive notice of a peril not usually produced or expected because of the nature of the business, than in cases where the nature of the business is such that a

reasonably prudent minded person would expect a peril to result from the acts of either the proprietors or employees of the business, or by customers or those using the premises.

It is insisted for appellee Gardeners and Farmers Market Company that it was not in the fruit business and that the O'Brien Case, supra, should be conclusive of this case as to the Market Company. It must not be overlooked that it is stipulated that the Market Company at the time and place involved maintained and operated the market including the stall of Mr. Gargatto and walkway or path adjacent to same, and recognized the obligation to keep it clean. In the face of this stipulation the Market Company cannot now avoid its obligation to keep the premises clean on the ground that it was not in the fruit business. Nor does the stipulation help Gargatto, since it is the rule that one cannot by contract avoid liability for tort or common law negligence.

In 100 A. L. R. beginning on page 710 and extending to 767, will be found a collection of annotations on the subject of "Duty and liability respecting condition of store or shop." On page 746 of these annotations, under a sub-heading "Caused by vegetables, fruit, meat," there is cited on page 747 the case of White v. Mugar, 280 Mass. 73, 181 N. E. 725, where it appeared that the plaintiff, a customer, slipped on some vegetable leaves strewn the length of the 4 to 6 foot oiled passage between the counters of the defendant's grocery store, where an hour before vegetable leaves had been seen lying, the court held a directed verdict for the defendant erroneously ordered, in that applying the rule that, although a storekeeper is not an insurer of his customers' safety, he owes to them a duty to keep the premises reasonably safe for their use, a finding was possible that vegetable leaves scattered upon the oiled floor of a 6-foot passage between store counters constituted an appreciable danger to users of the passage, and that an hour was abundant time for learning of the condition and correcting it.

Also, on page 755 of the same authority is cited the case of Belzer v. Sears, Roebuck & Co., Mo. App., 76 S. W. (2d) 701, where it was held to be a question for the jury whether the store steps leading to defendants' store entrance were wet, muddy and slippery for

thirty or forty-five minutes before the accident occurred, was sufficient time to constitute constructive notice.

In the case at bar it was shown by the evidence that appellees' premises were literally covered with watermelon plugs, rinds, onion tops, and other particles of vegetables. This would indicate that the premises had not been cleaned for a considerable time, or, if cleaned within reasonable time before the accident, the rubbish and material accumulated very quickly, and in the latter event, appellees were charged with notice of the fast accumulation of such materials, and it was their duty to take precautions commensurate with the exigencies to keep their premises in a reasonably safe condition.

It is our view that the nature of appellees' business is such that a reasonably prudent minded person should expect particles of fruits, vegetables, rind, etc., as described by the witnesses, to accumulate on or about the premises either by the acts of the clerks or employees in the rush of waiting on customers, or may be thrown or placed there by customers or other people using the premises. It is commonly known that such material is slippery and calculated to create an unsafe condition. The degree of care imposed upon people to avoid injury to others is largely measured by the circumstances and facts of each case, and particularly the nature of the business. The very nature of the business in which appellees were engaged put upon them a higher degree of vigilance in keeping the premises clean and free from slippery rubbish and material than is imposed upon one engaged in a business from the nature of which such perils are not reasonably expected to result.

In view of the circumstances and facts disclosed by the record, we are constrained to the conclusion that the court should have submitted to the jury the question of what constitutes sufficient time to constitute notice of the existence of the slippery material on the walk which caused appellant's injury.

For the reasons stated, the judgment is reversed and remanded for proceedings consistent with this opinion.

Whole Court sitting.