## Bosler v. Steiden Stores, Inc.

March 10, 1944.

18

Woodward, Dawson & Hobson for appellant.

Morris, Garlove & Goldsmith for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

Between 11 and 12 o'clock A. M. on March 28, 1942, the appellant, and plaintiff below, Anna E. Bosler, visited one of the chain retail stores of appellee, and defendant below, Steiden Stores, Inc., in the city of Louisville, intending to purchase some articles of food, principally grapefruit. While examining the grapefruit, which was located adjacent to the vegetable bins, she slipped and fell in a seating posture on the floor. Claiming to have sustained injuries, possibly permanent, she filed this action in the Jefferson circuit court against defendant to recover damages therefor, alleging that its negligence was the proximate cause of her fall which consisted on its suffering and permitting some few leaves of spinach and lettuce, and at least one green pea pod, to fall and remain upon the floor upon which latter she stepped causing her to slip so as to produce the fall.

To state a cause of action plaintiff was compelled to, and did, aver "that defendant knew or could have known by the exercise of ordinary care of such dangerous and unsafe condition, and plaintiff did not know thereof and did not discover the same in the exercise of ordinary care by her." Defendant's answer denied all of the material averments of the petition and affirmatively pleaded contributory negligence on the part of the plaintiff.

The only witness who testified as to how the plaintiff sustained her fall was the plaintiff herself. Upon

being asked to describe how she happened to fall she said: "I walked to the rear of the store, and I was looking at some grapefruit at the time I fell; and I didn't notice anything on the floor until I fell. And I stepped on some peas—peas in a pod—and I slipped; and it made a wet mark on the linoleum on the floor, I would say, about that long. (Indicating). And one of the boys in the back of me picked me up and told the Manager, who was in the front of the store at the time, that I had fallen. And he came back, Mr. Joe, the Manager, and he said, 'The boy told me that you fell.' And I said, 'Yes, I did; here is the evidence.' And I showed him the wet mark on the floor where I had slipped; and he said, 'Did you hurt yourself?' And I said, 'Yes, sir; I did. I hurt my back, and it hurts very badly.' And I was so nervous and shaking from head to foot I could not hardly talk. And he asks me my name and my address, and told me he would take me home in his car; which he did."

She later stated that the pea pod upon which she stepped, and which caused her to slip and fall, described a mark on the floor about three feet long, and when she fell she occupied "a sitting position on my spine." She was asked if she noticed after she had fallen what was on the floor immediately in front of the vegetable bins, to which she gave an affirmative answer, and then said: "There were other things on the floor, spinach and kale and beans, and possibly tops of lettuce, and things like that; and there is always a litter in that store." The court excluded from the jury that part of her answer saying: "and there is always a litter in that store." On cross-examination she was asked: "Now, this stuff that you saw on the floor that day, was there much or little of it? A. There was not, I would not say much of it; no. Q. Just a little? A. Just some parts right underneath where the bins are with the vegetables. Q. And you know that your fall was caused by slipping—stepping and slipping on this pod with these peas in it? A. Absolutely; yes." On redirect examination on being asked what was on the floor she answered: "Well, right underneath the bins is all of the leaves, anyhow there—there was spinach and kale and beans; possibly there,— and others, and peas, which I stepped on." On recross-examination she was asked: "Q. Do you know how long that pea pod or any of those vegetables had been there before you fell? A. No, I do not. I have no idea."

That testimony was all of the evidence heard at the trial remotely bearing on the question of defendant's negligence. It shows that at the time plaintiff fell in front of the counter, or rather after she arose from her fall, she discovered in addition to the pea pod upon which she stepped and slipped, some spinach and kale leaves (not saying how many), and some beans, all of which were, as she stated, "possibly there." The other evidence in the case bears upon the question of plaintiff's injuries which under our view it is not necessary to rehearse. The court sustained defendant's motion for a peremptory instruction in its favor followed by a verdict to that effect, and plaintiff's motion for a new trial, based upon the error of the court in giving that instruction, was overruled, followed by a dismissal of the petition, to reverse which plaintiff prosecutes this appeal.

It is undoubtedly true that operators of such establishments must exercise reasonable care to make their premises reasonably safe for visiting customers who are invited to enter upon them. That appears to be a well-settled principle in the law as determined by all courts so far as we are aware, including this one in many cases, two comparatively late ones being, French v. Gardeners & Farmers Market Co., Inc., 275 Ky. 660, 122 S. W. (2d) 487, and Kroger Grocery & Baking Company v. Spillman, 279 Ky. 366, 130 S. W. (2d) 786. Other domestic cases and other authorities are cited in those two opinions. Learned counsel for appellant relies for a reversal on the opinion rendered in the French case, whilst appellee relies on the Spillman case, and counsel denies the similiarity of the facts in the French case with those in the instant one. The obstruction in the area where customers were allowed to be in the French case consisted of a litter of plugs of watermelons in front of the watermelon bin provided by the merchant for exhibiting to customers that product. Not only were there such plugs scattered about over the area for the use of customers, but also other pieces of melon contributing to the obstruction, and it was clearly proven that such condition was observed by disinterested witnesses for a period of as much, or more than, thirty minutes before plaintiff sustained her fall by which she was injured. How much longer such substance remained on the surface of the floor was not shown. In determining that the question of defendant's negligence in the circumstances should have been submitted to the jury we said in our

opinion [275 Ky. 660, 122 S. W. (2d) 489]: "In the case at bar it was shown by the evidence that appellees' premises were literally covered with watermelon plugs, rinds, onion tops, and other particles of vegetables. This would indicate that the premises had not been cleaned for a considerable time, or, if cleaned within reasonable time before the accident, the rubbish and material accumulated very quickly, and in the latter event, appellees were charged with notice of the fast accumulation of such materials, and it was their duty to take precautions commensurate with the exigencies to keep their premises in a reasonably safe condition."

We have found no case, nor has any been cited to us, where the court held in a case of this class that there should be a submission of the issue of defendant's negligence to the jury when there was no proof whatever, circumstantially or otherwise, of the length of time that the complained of debris causing the danger had remained on the floor devoted to the use of customers.

In the instant case plaintiff stated absolutely that she did not know how long the more or less scanty amount of debris composed of vegetables had fallen or been suffered or permitted to remain on the floor where she stepped, and she does not claim to have stepped upon but one pea pod. To sustain a submission of the issue to the jury in this case under the evidence adduced would make the owner and operator of the premises an absolute insurer of the safety of his customers which in the later Spillman case we said should not be done. In that case (which was stronger in favor of the plaintiff than is the instant one) there was on the floor where plaintiff slipped and fell a considerable quantity of grapes, three of which were found on each of her shoe heels after she fell and in addition thereto, there was fresh water on the floor, but there was absolutely no evidence as to how long such obstructions had been there or what caused them to be there.

In this case instead of plaintiff encountering grapes which caused her to fall, it was a pea pod. We held in the Spillman case that the court erred in overruling defendant's motion for a peremptory instruction in its favor by reversing the judgment in favor of plaintiff. In the course of the opinion we said [279 Ky. 366, 130 S. W. (2d) 787]: "The shopkeeper is not an insurer of the customers' safety and is not, as a general rule, bound

to anticipate an independent act of negligence by a third party in depositing such objects on the floor. (Citing cases). Nor does the fact that two or more employees of appellant were performing their duties within a few feet of the grapes which appellee says were on the floor show negligence on the part of the appellant in failing to discover the grapes, since there was an utter absence of proof as to how long they had been on the floor, They may have been dropped there immediately preceding appellee's fall.'' The same may be said in this case and which when said is not in conflict with the principles of the French case, since it appeared therein, ·as we have seen, that the dangerous substances on the floor upon which plaintiff slipped had existed for . at least thirty minutes with appearances indicating that it may have been for a longer period within which time plaintiff in the exercises of ordinary care could have discovered and removed it.

It is a commonly known fact that customers of what has become to be known as ''food Chain Stores'' wait upon themselves from counters ;or bins where the merchandise has been placed in a manner to give them easy access to it. They fill their own packages and it is almost inevitable that some portion of some articles might be dropped on the floor upon which an immediately succeeding customer might step, producing his fall and consequent injury. It would therefore require almost a constant standby employee or servant to remove such litter upon the departure of each customer and to watch him in order to discover whether any such thing happened. Such a requirement would inevitably make the store keeper an insurer and which burden the law declines to thrust upon him.

Some foreign cases are cited by appellant's counsel which is claimed sustains their contention that the case should have been submitted to the jury under proper instructions. But, if their facts were similar in all respects to those appearing in this case (a question we will not discuss or determine), then we feel bound to follow our own opinions in the disposition of such cases. It is undoubtedly true that the facts of the French opinion brought it near to, if not partially upon, the dividing line between liability and nonliabilty of defendant, and we are convinced that the facts of this case do not justify us in placing it on the side of liability.

Wherefore, for the reasons stated, the judgment is affirmed.