Ruby LANE, Appellant,

v.

B. N. CARDWELL et al., Appellees.

Court of Appeals of Kentucky.

Oct. 25, 1957.

Joe Nagle, Middlesboro, for appellant.

W. R. Lay, Grant Knuckles, Pineville, for appellees.

STEWART, Judge.

On April 27, 1955, appellant, Ruby Lane, filed an action for damages against appellees, B. N. Cardwell and Treecy Cardwell, for bodily injuries incurred by her from a fall on the stairs of a store operated by them. The basis of appellant's complaint was the negligent maintenance of the stairs by appellees, which the latter in their answer denied, and they alleged; in addition, that appellant's own negligence contributed to her accident.

The evidence discloses that throughout the day and evening of May 8, 1954, an auction sale was conducted in the store operated by appellees in Middlesboro. The procedure in the auction was to permit a prospective customer to choose an article of furniture from a storage area on the second floor of the building and then have the selected article moved to the first floor where the interested person could bid on it.

To reach the second floor it is necessary to ascend a stairway located to the right of the main floor. This stairway leads from the first floor to a landing and there makes a left turn and thence goes up to the second floor. There was some proof that tended to show that some of the people attracted to the auction were standing and possibly sitting on the stairway, and that the stairs were cluttered to some extent with paper and ice cream sticks.

During the evening portion of the auction on the date mentioned, appellant and her daughter climbed the stairs to the second floor to pick out a chair. They remained upstairs approximately 15 minutes and then prepared to return to the main floor. In descending appellant tripped and fell when two steps from the landing, incurring severe bodily injuries. Her suit was for damages aggregating $11,000.

Immediately following the fall both appellant and her daughter saw a cord, similar to an electric appliance cord, lying on the second step above the landing and hanging over the edge. Neither of them could state whether the cord, which was two or three feet long, was connected to an electrical fixture, but the evidence indicated that a fan, apparently of the window type, had been placed against one wall on the landing. However, it is not shown that the fan was in operation. The stairway had been traveled up and down by numerous people, still no witness was produced to show that others had seen the cord, or how long it had been on the stairway, or whether appellees knew of its existence there.

At the conclusion of appellant's testimony appellees moved for a directed verdict, assigning as reasons therefor: (1) The lack of any proof of negligence on their part; (2) the failure to establish when, how, or by whom the cord was placed on the stairway; and (3) the contributory negligence of appellant as a factor in the accident. The court sustained the motion, directed the jury to return a verdict for appellees and judgment was entered dismissing the complaint. Ruby Lane appeals.

The issues raised on this appeal are, first, whether there was sufficient evidence to submit to the jury the question of the negligence of appellees in maintaining the stairway and, if so, whether there was sufficient evidence to submit to the jury the question of the appellant's contributory negligence in watching out for her own safety.

The rule is well established in this jurisdiction that in an action by a customer against a shopkeeper for injuries sustained in a fall due to slipping by reason of stepping on refuse or foreign materials on a floor the customer must allege and prove that the shopkeeper knew, or by the exercise of ordinary care could have known, of the defect complained of. The shopkeeper is not an insurer of the customer's safety and is not, as a general rule, bound to anticipate an independent act of

negligence by a third party in depositing objects on the floor. Kroger Grocery & Baking Co. v. Spillman, 279 Ky. 366, 130 S.W.2d 786.

In Louisville & N. R. Co. v. O'Brien, 163 Ky. 538, 174 S.W. 31, O'Brien, a passenger of the railroad, sustained injuries when he slipped on a banana peel on a car step while alighting. It was held the railroad (which must exercise the highest degree of care) was not liable for his injuries, since it was not proven the trainmen knew of the presence of the banana peel on the step and since it was not established it had been there such a length of time before the accident that notice of its existence would be imputed. That case also pointed out that a carrier, though required to inspect its trains for the safety of its passengers, need not keep up a continuous inspection; nor is it chargeable with knowledge at each moment of the condition of every part of its train. A carrier of passengers, the opinion went on to say, need not anticipate unexpected perils to its patrons. This case sets forth principles of law that apply in every respect to the case at bar.

See also Bosler v. Steiden Stores, Inc., 297 Ky. 17, 178 S.W.2d 839, 841, where a customer slipped on certain small vegetable matter on the floor and fell, and it was held a case was not made out because "there was no proof whatever, circumstantially or otherwise, of the length of time that the complained of debris causing the danger had remained on the floor devoted to the use of the customers." See also Henry v. J. G. McCrory Co., 279 Ky. 248, 130 S.W.2d 846, where the plaintiff, Catherine Henry, fell on a stairway of defendant's store for the reason that her shoe became entangled in wire, and it was held the evidence was insufficient to establish negligence upon the store owner's part because there was no proof as to when, where, or how the wire became attached to the customer's shoe.

In the instant case appellant could not state positively what caused her to fall, that is, whether the cord was on the steps prior to her fall or whether it was loose or attached to an electrical appliance at one side. The only witness to the accident, Georgia Neese, her daughter, testified she saw the cord only after appellant had fallen. No evidence was introduced as to how long the cord had been upon the stairway or how it came to be there or as to whether appellees had or should have had notice of its presence. To sustain a submission to a jury of the issue of appellees' negligence on the scant evidence presented would place the shopkeeper in the position of absolute insurer which, under the authority of the cases above noted, cannot be done.

Appellant relies heavily upon the case of French v. Gardners & Farmers Market Co., 275 Ky. 660, 122 S.W.2d 487. The distinguishing features between that case and the type of case we now have under consideration were plainly pointed out in Bosler v. Steiden Stores, Inc., cited above.

Since appellant has offered no evidence tending to show negligence on the part of appellees, we are of the opinion there has been no breach of duty upon appellees' part and that the finding of the trial court on this issue is without error. In view of the conclusion we have reached, it becomes unnecessary to pass upon the contributory negligence phase of this case.

Wherefore, the judgment is affirmed.