**Herbert L. WILLIAMS and Standard Oil Co., Inc., in Kentucky, Appellants,**

v.

**COURIER–JOURNAL AND LOUISVILLE TIMES, INC., Appellee.**

Court of Appeals of Kentucky.

Dec. 10, 1965.

Rehearing Denied March 18, 1966.

E. P. Sawyer, Edwin A. Schroering, Jr., Louisville, for appellant Williams.

Middleton, Seelbach, Wolford, Willis & Cochran, Louisville, for appellant Standard Oil Co., Inc. in Kentucky.

Norman A. Curtis, Louisville, for appellee.

WILLIAMS, Judge.

The appellant Herbert L. Williams brought suit against the appellee Courier-Journal and Louisville Times, Inc., to recover for personal injuries sustained when he fell on appellee's premises. The appellant Standard Oil Company intervened for the purpose of recovering workmen's compensation payments which it paid to Williams. Trial was had in the Jefferson Circuit Court and a directed verdict was entered in favor of appellee at the close of Williams' proof. This appeal is prosecuted from the judgment entered on the directed verdict.

Williams was employed by the Standard Oil Company as a delivery man for some 16 years. He drove a truck and made deliveries of oil products to customers on a regular basis. Appellee was one of his regular customers.

On the morning he was injured Williams backed the truck to appellee's dock, unloaded several five-gallon cans of oil onto a four-wheel dolly and, together with one of appellee's employees, rolled the dolly to the "ink room." The oil was customarily dumped into containers located in the ink room. Upon reaching the room appellee's employee left Williams for the purpose of getting someone to clean up the room. However, Williams did not know that was the reason he left.

The ink room was cluttered with open five-gallon cans of ink with the lids lying beside them on the floor. Puddles of ink of various colors spotted the floor. Without attempting to move the ink cans, Williams carried a five-gallon can of oil in each hand around them to a tank at the rear of the room. As he started to pour the oil from the can into the tank he slipped, fell into an open can of yellow ink, and plunged his arm into an open can of red ink. He was injured by the fall.

Williams insists the case should have gone to a jury, but the Courier-Journal contends the directed verdict was proper because (a) Williams did not satisfy the burden of establishing the proximate cause of his mishap, or (b) he was contributorily negligent and/or assumed the risk as a matter of law. We find the directed verdict was properly entered on the first ground and, consequently, do not reach the contributory negligence question.

Williams failed to establish the causation of his fall. He testified that he did not see what he slipped on and speculated it might have been ink because there was ink on his shoes that night. That was pure speculation which was predicated upon the fact the ink was on his shoes, but the ink could easily have splattered on his shoes when he fell, or it could have become deposited there when he walked across the room. He was pouring oil from a can into a tank, and it is equally logical that some of the oil splattered from the can and he slipped on it. When interrogated upon the reason for his fall he made the following answers:

"Q175 Yes. Now, you either slipped on the ink or on the oil or slipped on

something, but I take it you don't exactly know what you slipped on?

"A No, I didn't see what I slipped on.

"Q176 You don't know what you slipped on actually?

"A It was ink, I imagine, because there was ink spilled next to the tank.

"Q177 You imagine that but you never saw it, either before or after the accident?

"A It was on my shoes.

"Q178 Yes, but then after you slipped, you slipped and sat down in a bucket, did you not?

"A That is right. * * *

"Q181 But after you fell the ink spattered all over the floor?

"A I would think so, yes. * * *

"Q184 And you never did see what you slipped on, did you?

"A No.

"Q185 And you don't know what you slipped on other than you say that it was slippery, is that right?

"A I slipped on something, yes.

"Q186 But you don't know what it was of your own personal knowledge?

"A Other than I had ink on my shoes."

We conclude that the directed verdict was proper because Williams did not establish that the appellee's negligence, if any, was the proximate cause of his fall. Were we to hold otherwise it would have the effect of making the appellee an absolute insurer, which has been condemned in Lane v. Cardwell, Ky., 306 S.W.2d 290, 61 A.L.R. 2d 202 (1957).

The judgment is affirmed.