59 F.3d 171
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Mary H. ROBY, Plaintiff-Appellant,
v.
WAL-MART STORES, INC., Defendant-Appellee.
 No. 94-5685.
 United States Court of Appeals, Sixth Circuit.
 June 30, 1995.
 
 Before: MILBURN and BATCHELDER, Circuit Judges, and TODD,* District Judge.
 PER CURIAM.
 
 
 1
 Plaintiff Mary H. Roby appeals the district court's grant of summary judgment to defendant Wal-Mart Stores, Inc. ("Wal-Mart") in this diversity action in which plaintiff alleges that defendant negligently maintained its premises so as to create dangerous conditions for shoppers and that she was injured on the premises as a result of such negligence. On appeal, the issue is whether the district court erred by granting defendant's motion for summary judgment on the ground that plaintiff's evidence was insufficient to demonstrate that defendant had breached its duty to maintain its premises in a reasonably safe condition. For the reasons that follow, we affirm.
 
 I.
 A.
 
 2
 Plaintiff Mary H. Roby was shopping in defendant Wal-Mart's store on the Outer Loop in Louisville, Kentucky, on August 15, 1992, when she stepped in a puddle of clear liquid on the floor in the fabric section, causing her to fall and sustain injuries to her left knee. Plaintiff testified in her deposition that she assumed the liquid on the floor was water. She stated that at the time she fell, she was not looking where she was walking. An unidentified male shopper heard plaintiff cry for help after she fell and responded to her needs until Wal-Mart personnel arrived.
 
 
 3
 Defendant's store manager stated that when he arrived at the scene of the accident, he observed an undisturbed puddle of water about four inches in diameter located approximately 12 inches from plaintiff's feet. Two other employees, Sharon Waddell and Patricia L. Ewing, saw the undisturbed puddle of liquid but do not remember how far it was from plaintiff. Ewing was near the area where plaintiff fell approximately 15 to 30 minutes before the accident, but she did not see any liquid on the floor at that time and observed the floor to be clean and safe. She also walked within two or three feet of the area where plaintiff fell just before the time of the accident, in order to answer a telephone call. However, she testified on deposition that she could not see plaintiff at the time of her fall. Waddell inadvertently wiped the liquid off the floor when she placed a pillow under plaintiff's injured leg in an effort to make her more comfortable. Waddell observed a brown pill bottle on the floor in the area of plaintiff's fall. Plaintiff was transported by ambulance to a local hospital. She informed the medical technicians at the scene that she was diabetic and was taking pills provided to her by her mother. After plaintiff left defendant's store, an assistant manager prepared an accident report and, later, took pictures of the area in which the accident occurred. There is no evidence that any of defendant's employees were aware of the liquid prior to plaintiff's accident, and defendant has been unable to determine either the source of the liquid or how long it was on the floor before plaintiff fell.
 
 B.
 
 4
 On January 15, 1993, plaintiff filed a complaint against defendant in the Jefferson (Kentucky) Circuit Court, alleging that defendant had breached its duty to keep its store reasonably safe for customers, thus causing plaintiff's accident. Defendant removed the action to federal court on February 3, 1993. On December 13, 1993, defendant moved for summary judgment. The district court granted defendant's motion on February 23, 1994, finding that plaintiff could not prove that defendant had breached its duty to keep its premises reasonably safe for customers, an essential element of plaintiff's claim. This timely appeal followed.
 
 II.
 
 5
 Plaintiff argues that the district court erred in granting defendant's motion for summary judgment on the ground that she could not prove a breach of defendant's duty to maintain a reasonably safe environment for shoppers. Plaintiff asserts that she has presented evidence that defendant could have discovered the dangerous condition that caused her injury prior to her accident and that the district court therefore erred in concluding that she could not prove defendant's breach of duty.
 
 A.
 
 6
 We review a district court's grant of summary judgment de novo. Barnhart v. Pickrel, Schaeffer & Ebeling Co., 12 F.3d 1382, 1388 (6th Cir. 1993) (per curiam). Under Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See Osborn v. Ashland County Bd. of Alcohol, Drug Addiction and Mental Health Servs., 979 F.2d 1131, 1133 (6th Cir. 1992) (per curiam); LaPointe v. United Autoworkers Local 600, 8 F.3d 376, 378 (6th Cir. 1993).
 
 
 7
 The party that moves for summary judgment has the burden of showing that there are no genuine issues of material fact in the case at issue, LaPointe, 8 F.3d at 378, which may be accomplished by pointing out to the court that the nonmoving party lacks evidence to support an essential element of its case, Barnhart, 12 F.3d at 1389. In response, the nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." Moore v. Philip Morris Cos., 8 F.3d 335, 339-40 (6th Cir. 1993). Conclusory assertions are not enough to allow a nonmoving party to withstand a motion for summary judgment. Moore, 8 F.3d at 343. In addition, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). We look to the substantive law of Kentucky to determine which facts are material in this case. See Berlin v. Michigan Bell Tel. Co., 858 F.2d 1154, 1162 (6th Cir. 1988).
 
 
 8
 In reviewing a motion for summary judgment, "this Court must determine whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."' Patton v. Bearden, 8 F.3d 343, 346 (6th Cir. 1993) (quoting Anderson, 477 U.S. at 251-52). The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). However, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson, 477 U.S. at 252. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249-50 (citations omitted); see Gregory v. Hunt, 24 F.3d 781, 784 (6th Cir. 1994).
 
 B.
 
 9
 Under Kentucky law, plaintiff is required to establish three factors in order to have an actionable negligence claim: the existence of a legal duty, the breach of that duty, and damages resulting from the breach. See, e.g., Watters v. TSR, Inc., 904 F.2d 378, 380 (6th Cir. 1990); Williams v. Ehman, 394 S.W.2d 905, 907 (Ky. 1965); Warfield Natural Gas Co. v. Allen, 59 S.W.2d 534, 536 (Ky. 1933). Plaintiff's failure to establish any one of these elements is fatal to her claim. M & T Chems., Inc. v. Westrick, 525 S.W.2d 740, 741 (Ky. 1974); Illinois Cent. R.R. v. Vincent, 412 S.W.2d 874, 876 (Ky. 1967).
 
 
 10
 Shopkeepers, such as defendant, have a duty under Kentucky law to maintain their premises in a reasonably safe condition for shoppers, whom the law treats as invitees. Rojo, Inc. v. Drifmeyer, 357 S.W.2d 33, 35 (Ky. 1962); see Otto v. Phillips, 299 S.W.2d 100, 102 (Ky. 1956). However, a "shopkeeper is not an insurer of the customer's safety and is not, as a general rule, bound to anticipate an independent act of negligence by a third party in depositing ... objects on the floor." Kroger Grocery & Baking Co. v. Spillman, 130 S.W.2d 786, 787 (Ky. 1939); see Wiggins v. Scruggs, 442 S.W.2d 581, 582 (Ky. 1969) (quoting Kroger, 139 S.W.2d at 787); Lane v. Cardwell, 306 S.W.2d 290, 291-92 (Ky. 1957). Thus, plaintiff must do more than prove that she fell and sustained an injury; this evidence alone is not enough to establish negligence. Cumberland College v. Gaines, 432 S.W.2d 650, 652 (Ky. 1968). In Nelson v. Midwest Mortgage Co., 426 S.W.2d 149 (Ky. 1968), the Kentucky Court of Appeals, then the state's highest court, said:
 
 
 11
 "(L)iability will be imposed where a business invitee is injured by slipping on a foreign substance on the premises if it was placed there by the negligence of the proprietor or his servants; or, if there is no showing how the substance got on the premises, if it appears that the proprietor or his servant knew of its presence, or that the substance was there a sufficient length of time so that in the exercise of ordinary care its presence should have been discovered."
 
 
 12
 Nelson, 426 S.W.2d at 150 (quoting Burns v. Goldammer, 186 N.E.2d 97, 98 (Ill. App. Ct. 1962)); Bosler v. Steiden Stores, Inc., 178 S.W.2d 839, 840-41 (Ky. 1944). Accordingly, plaintiff must show that the liquid on defendant's floor was placed there by an agent of defendant or resulted from a source over which defendant had control, that defendant had notice that the liquid was on the floor prior to plaintiff's accident, or that the liquid was on the floor long enough that defendant, in the exercise of ordinary care, could have discovered the spill and taken action to prevent plaintiff's harm. See Lane, 306 S.W.2d at 291; Rojo, 357 S.W.2d at 35.
 
 
 13
 Plaintiff has admitted that she has no idea how the liquid came to be on the floor of defendant's store. It is, therefore, impossible for plaintiff to determine whether the source of the liquid was an employee of defendant or a force otherwise under defendant's control or whether the spill resulted from the action of an independent third party. In addition, plaintiff has failed to produce evidence disputing defendant's assertion that none of its employees were aware that the liquid was on the floor prior to plaintiff's accident. Thus, in order to prevail, plaintiff must produce proof of the length of time the liquid was on defendant's floor prior to her accident. Cumberland College, 432 S.W.2d at 652; Jones v. Jarvis, 437 S.W.2d 189, 190 (Ky. 1969). Plaintiff has failed to make this showing. In her deposition, plaintiff admitted that she did not know how long the liquid had been on defendant's floor before she fell. She produced no evidence to demonstrate that the liquid had been on the floor a sufficient period of time to impute constructive notice to defendant. In fact, the only evidence on this issue was Ewing's statement that 15 to 30 minutes prior to plaintiff's accident, the floor looked clean.
 
 
 14
 However, plaintiff argues that the fact that Ewing walked near the area where plaintiff fell just minutes before the accident gives rise to an inference that Ewing could have discovered the spill and cleaned it up before any incidents occurred. Plaintiff's counsel admitted at oral argument that he had found no authority to support such an inference. Moreover, this assertion was soundly rejected in Kroger, in which the Kentucky Court of Appeals found that the fact that a defendant's employees were standing within a few feet of a foreign substance that caused a customer to fall did not show negligence by the defendant when there was a complete lack of proof as to how long the substance had been on the floor. Kroger, 139 S.W.2d at 787.
 
 
 15
 The absence of evidence demonstrating the length of time the liquid had been on defendant's floor is dispositive. Cumberland College, 432 S.W.2d at 652; Kroger, 130 S.W.2d at 787.[1] To allow this action to survive summary judgment would render defendant an absolute insurer of the safety of its premises, a position that Kentucky case law rejects. See Lane, 306 S.W.2d at 292. Moreover, because plaintiff has presented no proof as to how long the substance was on defendant's floor, any decision reached by a trier of fact regarding defendant's negligence would be based on supposition. This result would contravene the rule that a finding of negligence may not rest on conjecture but must be based on evidence that permits the trier of fact to make a finding without speculation. See Mackey v. Miller, 310 S.W.2d 44, 45 (Ky. 1958). Plaintiff argues that she should not be held responsible for establishing the length of time the liquid was on defendant's floor before her accident because the "entire investigation was in the hands of [defendant's] employees," Appellant's Brief at 8. However, we find this argument unavailing. This is the burden assumed by every plaintiff in this type of case, and Kentucky law contains no exception.
 
 
 16
 Plaintiff argues that if this case were being tried in a state court in Kentucky, she would be entitled to her day in court and that summary judgment would be inappropriate in this case under Kentucky's stringent standard for granting such a motion. However, in Gafford v. General Elec. Co., 997 F.2d 150 (6th Cir. 1993), we rejected this argument and held that the federal standard for summary judgment, embodied in Fed. R. Civ. P. 56, applies in all cases in federal court, regardless of whether the court's jurisdiction is based on a federal question or diversity of citizenship. Gafford, 997 F.2d at 165-66 (relying on Reid v. Sears, Roebuck and Co., 790 F.2d 453, 459 (6th Cir. 1986)).
 
 
 17
 Plaintiff also points out our prior holding that "[s]ummary judgment is rarely appropriate in controversies governed by a negligence standard because the facts and circumstances of each case determine the degree of care by which the defendant's conduct is to be measured." Ashby v. Hustler Magazine, Inc., 802 F.2d 856, 858 (6th Cir. 1986). However, because one of the purposes of summary judgment is to "isolate and dispose of factually unsupported claims," Celotex, 477 U.S. at 323-24, we recognize that in exceptional cases, a grant of summary judgment is appropriate. See, e.g., Aetna Ins. Co. v. Loveland Gas & Elec. Co., 369 F.2d 648, 653 (6th Cir. 1966) (allowing summary judgment where the trial court would have been required to direct a verdict in the moving party's favor had the case gone to trial); Rogers v. Peabody Coal Co., 342 F.2d 749, 751 (6th Cir. 1965) (per curiam). We conclude that in this case plaintiff's evidence is insufficient as a matter of law to establish that defendant breached its duty to maintain its premises in a reasonably safe condition and that the district court correctly granted defendant's motion for summary judgment.
 
 III.
 
 18
 For the reasons stated, the district court's grant of summary judgment is AFFIRMED.
 
 
 
 *
 Honorable James D. Todd, United States District Judge for the Western District of Tennessee, sitting by designation
 
 
 [1]
 Plaintiff also argues that defendant's employees are supposed to watch for unsafe conditions on the store floor at all times, that defendant's store was very busy on the day of plaintiff's accident, and that some of defendant's employees are unable to definitively recall whether, on the day in question, a safety sweep was conducted in the area where plaintiff fell. These facts do not help plaintiff because she remains unable to establish how long before her accident the liquid was on defendant's floor. These facts alone are not enough to make it more probable than not that the liquid had been on the floor sufficiently long for defendant to be held liable for a breach of its duty of care. See Anderson, 477 U.S. at 249-50