Joseph Celner, Appellee, v. Tirrie O. Prather, Administrator of Estate of Julian Dyboski, Deceased, Appellant.

Gen. No. 9,393.

Opinion filed August 7, 1939.

RALPH S. ZAHM, of Rockford, for appellant.

CARL A. SWENSON, of Rockford, for appellee.

MR. JUSTICE HUFFMAN delivered the opinion of the court.

Appellee brought this suit for personal injuries sustained in an automobile accident while riding as a guest of appellant's decedent, Julian Dyboski. Appellee and two young ladies were riding with the deceased in his automobile upon State highway No. 2, enroute from Rockford to Oregon, Illinois. The accident happened at about 11:30 on the night of May 26, 1937, at a place a few miles north of Byron, Illinois. The automobile which the deceased was driving, hit the end of a concrete abutment adjacent to a culvert which crossed the road, wrecking the car, killing the driver thereof, and injuring appellee and the two young ladies.

Appellee brought this suit for damages for his injuries sustained, claiming that the deceased driver was operating the autmobile in a wilful and wanton manner and that he sustained his injuries as the result of the wilful and wanton misconduct of the deceased, while riding as his guest. Appellee further alleges that he requested the deceased to drive the car more slowly and carefully, which the deceased refused to do; and

that it was dark and raining and the pavement was wet.

The young ladies in the car did not testify, and there is no testimony in the case regarding the accident, by any witness who was present at the time. Dr. Moffatt and Dr. Culhane testified regarding appellee's injuries. Frank Carmak, who was engaged in the automobile salvage business, testified regarding the condition of the car after the accident. Stanley Musialek, an automobile mechanic, also testified regarding the condition of the car following the accident. Orville Vakener, an undertaker, and Max Weston, an attorney, testified as to the conditions they found existing following the accident. There is no dispute with respect to the fact that appellee was riding as a guest in the deceased's automobile, that the accident occurred, and that appellee was injured. The only witnesses who testified, were called by the plaintiff below, and their testimony was concerning the existing conditions following the accident.

The evidence shows that it had been raining and the highway, at and near the place in question, a winding road. The evidence further discloses that the automobile was totally wrecked; that the two young ladies were severely and painfully injured; that appellee was injured; and the driver of the car killed. As previously stated, no occupant of the car testified regarding the accident. The facts before the jury were such as above indicated. There is nothing in evidence to disclose what was said between appellee and the deceased regarding the operation of the automobile, or in fact, in what manner the automobile was being operated. The only thing the evidence discloses is that it struck the concrete abutment with great force and violence. Whether this was the result of the deceased's wilful and wanton misconduct, or whether it might have resulted from mechanical causes connected with the car, or was the result of deceased's negligence, cannot

be determined from the evidence. Appellee urges that the force of the impact of the automobile with the concrete culvert, and on the opposite side of the highway from which the car was traveling, is sufficient evidence to establish wilful and wanton misconduct on the part of the deceased. Proof of a mere possibility is not sufficient. A theory cannot be said to be established by circumstantial evidence, unless the facts are of such a nature and so related, as to make it the only conclusion that could reasonably be drawn. It cannot be said one fact can be inferred, when the existence of another inconsistent fact can be drawn with equal certainty. From the evidence in this case there is no way to determine if the accident was the result of wilful and wanton misconduct on the part of the deceased, or from some unexpected mechanical cause over which he had no control, or such an accident as might have been the result of ordinary negligence.

Appellant assigns error upon the court's refusal to grant his motion for a directed verdict and for judgment notwithstanding the verdict, based upon the ground that the evidence in the case was insufficient to establish wilful and wanton misconduct on the part of the deceased. Parties may at separate times produce different evidence on the same issue. Appellant assigns further error with regard to the overruling of the motion for a new trial, based upon the same reason as assigned with respect to the above motions. With this last point urged, we are in accord. Under the facts in the case, the trial court should have granted a new trial. The judgment is therefore reversed and the cause remanded for a new trial.

*Reversed and remanded.*