Eddie Mae Robinson, Plaintiff-Appellee, v. Southwestern Bell Telephone Company, a Corporation, Defendant-Appellant.

Gen. No. 60–F–13.

Fourth District.
May 27, 1960.
Rehearing denied June 28, 1960.

Kramer, Campbell, Costello, and Wiechert, by R. E. Costello, Jr., of East St. Louis, for appellant.

Robert H. Rice, of East St. Louis, for appellee.

SCHEINEMAN, P. J.

This appeal is from a judgment on a verdict for $5,000 to compensate plaintiff for injuries she received in a fall while on defendant's premises as a business invitee. The complaint charged that plaintiff fell when something caught or gripped her heel as she

started to descend stairs, and that the cause was the maintenance by defendant of an unsafe and dangerous rubber mat on the floor.

The evidence discloses that entrance to the defendant's office is gained by walking up two or three steps from the sidewalk to a set of double doors leading into an areaway which leads to another set of double doors and then up another three steps to the main floor. The steps were about ten feet wide without banisters. They had treads on them, and on the main floor there was rubber safety mat from the stairs to the business office. Plaintiff had customarily used these stairs when paying her telephone bill.

Plaintiff testified "I was at the top of the steps my foot on the top step reaching forward with my right foot down to the first step, at that time something caught my foot and I fell. . . . I don't remember seeing any debris, don't remember any rips in the matting. All I know is something gripped the heel of my left shoe." At another place she said "I went to put my right foot on the top step and my left foot something gripped the heel and caused me to lose my balance."

This is all the plaintiff said as to the cause of her fall, and there was no other witness to the occurrence. Another witness testified he had found by trial with the other shoe that the heel could be pressed into the hexagonal holes in the mat.

A safety expert described the floor in question as polished terrazzo, the rubber mat as being "rug thickness" about one-eighth or one-fourth of an inch thick, with hexagon holes about 11/16 of an inch wide at the widest point, that as safety engineer he has recommended such floor coverings and they are widely used, that the holes are for the purpose of adding to its non-

skidding ability, giving it more rough surface and a better nonskid surface. All testimony as to the condition of the mat was to the effect that it was in excellent condition, without rips or tears, and that there was no debris or foreign substance on the floor.

For the defense, there was testimony that some 250,000 comings and goings were made by people annually. An offer was made of proof of no accidents, but this evidence was excluded upon objection, contrary to the principles announced in Campion v. Chicago Landscape Co., 295 Ill. App. 225, 14 N.E.2d 879, and Wolczek v. Public Service Co. of Northern Illinois, 342 Ill. 482, 174 N. E. 577. However, the defendant makes no point of this, its principal contention being that there was no evidence of negligence on the part of defendant, hence no basis to submit the case to a jury.

■■ There are many cases in the books involving plaintiffs who have slipped or tripped and suffered a fall while on another's premises. No liability is created by the mere occurrence, there must be some evidence of causation by a breach of duty of the defendant. That duty is to exercise ordinary care to keep its premises reasonably safe for the use of business invitees, and does not make a defendant an insurer of the safety of an invitee while on defendant's premises. Antibus v. W. T. Grant Co., 297 Ill. App. 363, 17 N.E.2d 610; Todd v. S. S. Kresge Co., 303 Ill. App. 89, 24 N.E.2d 899; Crump v. Montgomery Ward & Co., 313 Ill. App. 151, 39 N.E.2d 411.

There is nothing in the evidence to justify this court in going into the question of banisters. The plaintiff did not fall on the stairway, and the only cause of her fall claimed by her was that something gripped the heel of her shoe on the landing above the three steps.

142

Likewise there is no evidence to sustain the charge in the complaint "that said rubber mat was out of repair, insecurely adjusted, defective and in an unsafe or dangerous condition."

There remains no basis for liability of the defendant, unless it can be called negligence to have a rubber mat of this design in place. Examination of rules of law on this subject discloses that liability may result when some foreign substance is placed or allowed to remain on the floor so that it causes a person to slip and fall. On the other hand, it is held that if slipping and falling occurs on the natural floor, such as polished wood, tile or terrazzo, there is no liability on the ground that there is no negligence in having a floor of common accepted design.

The question of slipping is not here involved, except that the defendant, like many business concerns, has installed rubber mats for the obvious purpose of improving the safety of the premises. Rugs or mats are widely used for this purpose, and the usual designs have ridges or holes to add to their nonskid function. Although thousands of people tread them safely, it is possible for someone to trip over almost anything, no matter how common its use. The following cases are cited for the purpose of showing the customary treatment of such falls:

> Yearsley v. American Stores Co. (1929), 97 Pa. Super. 275. It appears that plaintiff was injured when the narrow heel of one of her shoes caught in one of the interstices in a heat register grate in the floor of defendant's store. The court, affirming a judgment of nonsuit, said that the only possible theory on which recovery could have been had was that the openings in the grate were unusually and dangerously large—that is, that the

143

grating was constructed differently from those usually used for such purposes—and plaintiff had failed to prove anything on this point, or to show a defect of any kind in the register. The court pointed out that the proximate cause of plaintiff's injury was the wedging of her narrow heel in a grating which the evidence failed to show was in any way different from those ordinarily used for such purposes.

A case involving a rubber mat was Bowerman v. Greenberg, 142 Neb 721, 7 NW2d 711—(Cited by appellant). A directed verdict against plaintiff was sustained by the Supreme Court. Plaintiff fell while walking on a rubber mat in a store, the mat being described as a combination steel and rubberized fabric matting with deep and wide corrugations. Plaintiff testified that as she neared the end of the mat "something caught me and jerked my feet out from under me and pitched me out onto the sidewalk." There was some testimony that the edges of the mat were worn and curled slightly upwards. The Court said:

"In the instance case, the plaintiff suffered a fall, the cause of which is not known to her or anyone else. There is no evidence that the mat was in any way misplaced after the fall, or that it was not in the same position as when the plaintiff entered the store. She was not stepping on or off the mat at the time she fell; nor was she close to the corners of the mat, but was nearing the end, intending to turn west. This does not support her allegation that the edges of the mat were worn or curled upward. There is no evidence that there were any depressions or raised places or defects of any kind in the mat; nor evidence that the mat slid from east to west, as she had not made the turn. She did not know which

144

foot caught, or exactly what happened. . . . The plaintiff has failed to establish by the evidence that the negligence of the defendants was the proximate cause of her injury. The trial court could not escape the necessity of directing a verdict for the defendants in the case at bar."

The following is from Leach v. Sibley, Lindsay & Curr Co., 15 NYS2d 287:

"The evidence before the court is wholly barren as to the condition of this so-called rubber mat or rug at the time and place where the plaintiff fell. There is no evidence whatsoever showing any defect in the rug, any over-lapping of rugs, or anything more than the mere fact that there was a rug or mat on the floor. Without some evidence of imperfection, defect or dangerous condition, the court may not construct a faulty condition of the floor causing the plaintiff to fall, and then charge the defendant with being responsible therefor. Tripping or slipping of itself is not enough to establish an unsafe condition. The plaintiff having failed to establish the alleged cause of negligence against the defendant, the complaint must be dismissed."

Erbe v. Maes, 226 Wis. 484, 277 N. W. 111, involves a plaintiff stumbling over a rubber mat in the entrance of a store. The court stated: "The rubber mat was concededly in good condition and repair, and extended only one third of an inch above the surface of the tile. . . . The thickness of the mat is so slight when considered in connection with its use by pedestrians as not to constitute a hazard of any consequence. . . . Had it not been placed upon the ramp during the winter season, it might easily be contended that, because of the tendency of tile to become slippery, the premises

were being maintained in an unsafe condition. In view of this we fail to discover any basis for a conclusion that the place was not as safe as it could reasonably have been made."

In the case of Heneghan v. Carson-Pirie-Scott & Co., 285 Ill. App. 595, 3 N.E.2d 153 (reported in abstract only) it appears the only evidence introduced by plaintiff in support of her case was that while shopping in defendant's store she was descending a stairway into the basement when her heel caught on the steel plate on the edge of the second step from the top, causing her to to trip and fall to the bottom of the stairway. The court held that the plaintiff had failed to make out a prima facie case since there was no proof that the stairs or the metal strip was in a defective or dangerous condition.

██ In all of the foregoing cases the plaintiff was a woman; the style of footwear they commonly use seems to make them especially prone to falls. The Plaintiff cites no case in which recovery was allowed for tripping over ordinary floor coverings or other type of walking space. Reliance is placed on the sole ground that negligence is a question for the jury. This is true when there is some evidence of negligence, but the rule does not permit a jury verdict to stand upon sympathy alone, there must be some evidence which the law may regard as presenting a question of fact.

██ ██ Since the evidence fails to show any damages or defective condition of the rug, it must be held that the defendant is not an insurer who guarantees that no person can trip and fall into place of business. It is further held that the use of ordinary floor mats to assist pedestrians is perfectly reasonable, and the fact that a person trips on one of them is no evidence of negligence.

There was nothing upon which the jury could reasonably find negligence, the case should not have gone to the jury, and the judgment is reversed.

Judgment reversed.

CULBERTSON and HOFFMAN, JJ., concur.