ROBERTSON, Justice.
Appellant, Mrs. C. A. Galloway, brought suit against appellee, J. C. Penney Company, in the Circuit Court of the First Judicial District of Hinds County, Mississippi, for injuries sustained by her when she tripped and fell on a rubber mat in front of the entrance doors to the appellee’s store in Jackson, Mississippi.
After the appellant had rested, the court sustained a motion to exclude the evidence and to direct a verdict for the defendant. The only assignment of error is that the lower court erred “in sustaining Appellee’s motion for a peremptory instruction at the conclusion of Appellant’s evidence.”
It had been raining and snowing on February 22 and 23, 1968. When this bad weather started the appellee had placed a rubber mat 4 feet wide and approximately 2014 feet long in front of the three sets of glass entrance doors to its store fronting on the south side of Capitol Street in Jackson. This was not a solid mat but had small spaces in between the rubber-covered wires out of which the mat was made. It was the kind and type of mat customarily *276 and generally used at store entrances for the convenience and safety of customers during bad weather. When rain and snow were blown into the recessed alcove or tracked in by customers, the tile entranceway would become slippery and the footing treacherous; this mat was designed and placed at the entranceway to remedy this hazardous condition. It was an extra service for the benefit and convenience of would-be customers.
February 24, 1968, turned out to be a pretty day; the weather was mild and the sun was out. About 10:00 a. m. Mrs. Galloway and her husband approached the eastern-most entrance doors. Both Mrs. Galloway and her husband testified that the mat was in plain view, that they looked at it but saw no buckle or bulge in it. Mr. Galloway preceded his wife and was about to push open the glass doors when Mrs. Galloway tripped and fell on the rubber mat. After the accident the appellant was placed in a chair close to the entrance and as she looked back at the mat she noticed a bulge or buckle in it approximately one or two inches high and four inches long. Mr. Galloway also testified that he saw this bulge or buckle after the accident.
The gravamen of the appellant’s complaint was set forth in this language from the declaration:
“Plaintiff, therefore, charges that the Defendant, through its duly authorized agents and servants, was guilty of negligence in placing the said mat on the said floor in a dangerous and hazardous way and manner and was guilty of negligence in allowing and permitting the said mat to remain in a dangerous and hazardous condition; that by using reasonable care, the duly authorized agents and employees of the Defendant should have ascertained that such dangerous condition existed.”
The appellant thus committed herself to prove that appellee placed the mat two days before the accident with a bulge or buckle in it, or by the exercise of ordinary and reasonable care could have discovered this hazard. Appellant proved neither. In fact, she and her husband testified otherwise, and actually negatived the allegations of her declaration. But, she contends, in answer to her interrogatory, the appellee stated that Mrs. Alta Jones, its employee, observed the mat immediately before Mrs. Galloway’s arrival, and the appellee should be required to put Mrs. Jones on the witness stand. The complete answer to that contention is that even though appellant had secured the name and occupation of a prospective witness in answer to her own interrogatories, she did not see fit to call Mrs. Jones as a witness.
The appellant, on this appeal, contends that this Court should infer or presume that Mrs. Jones’ testimony would have been that she saw a bulge or buckle in the mat and this knowledge should be imputed to the appellee, Mrs. Jones’ employer. We are unable to follow this argument of the appellant. The presumption could well be that inasmuch as the appellant did not call Mrs. Jones as her witness, that Mrs. Jones’ testimony would have been adverse, that she (Mrs. Jones) observed the mat and saw nothing wrong with it. It would be a rather farfetched presumption that Mrs. Jones saw something that neither Mrs. Galloway nor her husband saw even though they both testified that they were looking where they were walking and saw no buckle, bulge or hump in the mat. The burden of proof was on the appellant to establish that the mat was a dangerous instrumentality per se, or that it was placed in front of the entranceway two days before the accident in a dangerous or hazardous condition, or that the appellee had discovered its hazardous condition but had not remedied it, or that it had been in this condition for a sufficient length of time for the appellee in the exercise of ordinary and reasonable care to discover it.
The appellant did not even come close to meeting the burden of proof in any of these particulars. There was no proof *277 whatsoever that the mat was dangerous per se; there was no proof that the mat had been placed in a dangerous condition by appellee’s employees; there was no proof of actual notice to the appellee of any dangerous or hazardous condition of the mat, nor was there any evidence that a bulge or buckle was in the mat before the accident, much less that there had been one for such a length of time that in the exercise of ordinary care the appellee should have discovered it. See Sears, Roebuck & Co. v. Tisdale, 185 So.2d 916 (Miss.1966).
We cannot infer or presume that because a bulge or buckle was observed after the accident that it was there before the accident. This inference or presumption would be contrary to the positive testimony of both the appellant and her husband. It would be much more reasonable to presume or infer that Mrs. Galloway and her husband saw that which they should have seen and that the reason they did not see it was simply because it was not there.
Our affirmance of the granting of a peremptory instruction for the appellee is consistent with our holdings in Aultman v. Delchamps, Inc., 202 So.2d 922 (Miss.1967); Hollie v. Sunflower Stores, Inc., 194 So.2d 217 (Miss.1967); Sears, Roebuck & Co. v. Tisdale, supra; Dees v. Campbell, 183 So.2d 624 (Miss.1966); Wallace v. J. C. Penney Co., Inc., 236 Miss. 367, 109 So.2d 876 (1959).
The Supreme Court of Massachusetts reached the same conclusion in affirming a directed verdict for the defendant in Downing v. Jordan Marsh Company, 234 Mass. 159, 125 N.E. 207 (1919), where the plaintiff allegedly tripped on a wire mat about three feet wide and four or five feet long near the exit, the plaintiff alleging that the cause of her tripping was a bulge in the mat.
The facts here are strikingly similar to those in Willoughby v. Safeway Stores, 397 S.W.2d 748 (Mo.App.1965). Plaintiff was a customer in the grocery store. She knew that the store manager in bad weather would put down a rubber mat on the floor extending longways from the front entrance door and running across the store front and in front of the checkout stands. The mat was two and one-half to three feet in width and the customers would walk on it in entering or in leaving. As the plaintiff was leaving the store she fell and claimed that the cause of her fall was a wrinkle in the rubber mat on the floor. Plaintiff testified as to seeing this wrinkle in the mat after she fell. She saw the mat before she reached it and did not see a wrinkle in it but only saw it after she fell. She described the wrinkle as being about one inch high. Her son, who was with her, testified about seeing the wrinkle after the fall but not before. The Court held: “* * * that plaintiff did not sustain her burden to establish that defendant’s store premises were in an unsafe condition by showing that the wrinkle was in the mat before she fell. * * * she did not make a submissible case on the issue of defendant’s negligence * * The Court therefore stated that it did not need to reach the second position of defendant, i. e., “ * * * the question whether plaintiff’s evidence established actual or constructive notice o'f the alleged unsafe condition.” (Id. at 751-752).
We think the Appellate .Court of Illinois reasoned soundly in Robinson v. Southwestern Bell Telephone, 26 Ill.App.2d 139, 167 N.E.2d 793 (1960), when it said:
“There remains no basis for liability of the defendant, unless it can be called negligence to have a rubber mat of this design in place. * * *
“The question of slipping is not here involved, except that the defendant, like many business concerns, has installed rubber mats for the obvious purpose of improving the safety of the premises. Rugs or mats are widely used for this purpose, and the usual designs have ridges or holes to add to their non-skid function. * * *
*278 * # ‡ *
“ * * * [T]he use of ordinary floor mats to assist pedestrians is perfectly reasonable, and the fact that a person trips on one of them is no evidence of negligence.
“There was nothing upon which the jury could reasonably find negligence, the case should not have gone to the jury, and the judgment is reversed.” (26 Ill.App.2d at 143-147, 167 N.E.2d at 795-796).
The court was correct in directing a verdict for the appellee, and its judgment in so doing is affirmed.
Affirmed.
ETHRIDGE, C. J., and JONES, PATTERSON and INZER, JJ., concur.