Marie Rathbun, Plaintiff-Appellee, *v.* The Old Barn Restaurant, Defendant-Appellant.

(No. 54749;

First District—March 14, 1972.

*Rehearing denied April 11, 1972.*

Kirkland, Ellis, Hodson, Chaffetz & Masters, of Chicago, (Donald J. Duffy, of counsel,) for appellant.

Piacenti & Cifelli, of Chicago Heights, (Nicholas Liontakis, of counsel,) for appellee.

Mr. JUSTICE SCHWARTZ delivered the opinion of the court:

Plaintiff brought this action to recover for personal injuries sustained on the approach to defendant's restaurant. The jury returned a verdict for plaintiff in the amount of $25,000, and the court entered judgment thereon. The facts follow.

On July 1, 1962, the plaintiff and her husband drove to the Old Barn Restaurant, arriving there at about 4:00 P.M. Plaintiff left the car and started toward the restaurant entrance while her husband drove to the parking lot maintained by the defendant. The entrance is a patio covered by a canopy, and there are two iron gates in front, with two railings bordering the single step down from the driveway to the entranceway. The door to the restaurant proper is approximately 15 feet from the railings and the step. A rubber mat extends from the step to the door.

Plaintiff testified that as she walked toward the entrance she was between the two railings, looking straight ahead at the door; that she saw the rubber mat, but did not see the step because of the shadow of the canopy. She stumbled on the step, took a few steps forward while trying to catch her balance, when her shoe caught in the rubber mat, and she fell to the ground, fracturing her right humerus and two ribs.

Two of the defendant's employees testified that there is one step down to the entrance of the restaurant, that there are two rails running from a wall to the step where plaintiff stumbled, and that the rails extend down the step. One employee testified that there was a warning sign near the step which read "Watch Your Step." This was contradicted by plaintiff's testimony and photographic evidence.

At the close of the evidence the plaintiff requested that the jury be instructed on all elements of negligence pleaded in the complaint, which included (1) placing a perforated mat in the entranceway; (2) failing to properly light the entranceway; (3) failing to warn the plaintiff of the step when it was not readily visible; and (4) constructing the walk-

way so as to give the illusory appearance that it was level without a step down. (In the record this instruction is referred to as Illinois Pattern Instructions (I.P.I.) 24.01. Such a reference is erroneous, however, because no 24.01 exists. From a reading of the record it is clear that I.P.I. 20.01 is the proper reference.) On defendant's objection, the court refused to so instruct the jury, agreeing with defendant's attorney that defendant had no duty to warn plaintiff of the step, and that there was no evidence of a hole in the mat, or of insufficient lighting.

■■ The court gave the jury its own instruction on negligence which read in part: "The plaintiff claims that she was injured and sustained damage and that the defendant was negligent in maintaining a mat likely to catch a woman's heel." Having assumed that plaintiff's only claim of negligence was the maintenance of the mat, the court should have directed a verdict for defendant. *Robinson v. Southwestern Bell Telephone Co.*, 26 Ill.App.2d 139, 167 N.E.2d 793.

In *Robinson* the plaintiff alleged that while in defendant's place of business she fell when "something caught or gripped her heel as she started to descend stairs, and that the cause was the maintenance by defendant of an unsafe and dangerous rubber mat on the floor." There was no evidence of debris, nor of rips in the mat. Also, there was no evidence of the mat being below a step, as in the case before us. A jury verdict rendered for plaintiff was reversed by the reviewing court. At page 143 the court stated:

"There remains no basis for liability of the defendant, unless it can be called negligence to have a rubber mat of this design in place. * * * [I]f slipping and falling occurs on the natural floor, * * * there is no liability on the ground that there is no negligence in having a floor of common accepted design.

[D]efendant, like many business concerns, has installed rubber mats for the obvious purpose of improving the safety of the premises. Rugs or mats are widely used for this purpose, and the usual designs have ridges or holes to add to their nonskid function. Although thousands of people tread them safely, it is possible for someone to trip over almost anything, no matter how common its use."

If the plaintiff in the matter before us had rested her case entirely on her falling on the mat we would have to reverse without remanding. She did not base her claim on the presence of the mat alone, but contended that when she stumbled over the step and moved forward, trying to regain her balance, her heel caught in the mat, resulting in the fall.

In reviewing the record we find that the trial judge, at the conference on instructions, hurried the plaintiff's attorney, ruling on matters before they were fully presented to him, and did not allow plaintiff's attorney

time to argue for certain instructions on the issue of negligence as pleaded in the complaint.

■■ Plaintiff's attorney offered an instruction based on the construction of the entranceway to the restaurant as a latent defect because it gave the appearance of being straight and level, rather than having a step down. The court, in its haste to dispose of the lawsuit, did not give counsel ample opportunity to make his argument on this theory of negligence. Plaintiff's complaint and testimony raised an issue with respect to the negligent construction of the entranceway.

Rapid disposition of lawsuits is admirable in light of the crowded docket, but justice must not be sacrificed for speed. We must reverse the judgment, because no verdict for plaintiff, based on the evidence of the mat itself, could stand. We will, however, remand for a new trial and for such other and further proceedings as are not inconsistent with the views expressed in this opinion.

Reversed and remanded with instructions for new trial.

STAMOS, P. J., and LEIGHTON, J., concur.