HELEN BRETT, Plaintiff-Appellant, v. F. W. WOOLWORTH COMPANY, Defendant-Appellee.

(No. 56194;

First District—October 31, 1972.

*Rehearing denied November 28, 1972.*

*Supplemental opinion filed December 12, 1972.*

Gann, McIntosh, Stead & O'Shaughnessy, of Chicago, (Donald J. Parker, of counsel,) for appellant.

Kirkland, Ellis, Hodson, Chaffetz & Masters, of Chicago, (Donald J. Duffy and Gary M. Elden, of counsel,) for appellee.

Mr. JUSTICE SCHWARTZ delivered the opinion of the court:

Plaintiff seeks to recover for injuries sustained when she tripped and fell in defendant's store at 221 South State Street, in Chicago. The case was tried by a jury and a verdict of $40,000 was returned. The trial court entered a judgment for defendant notwithstanding the verdict, and also entered an order granting a conditional new trial pursuant to Ill. Rev. Stat. 1969, ch. 110, par. 68.1(6), which provides that the court must rule conditionally on other requested post-trial relief in the event its unconditional ruling on a portion of such requested relief is held erroneous. We proceed to consider whether the facts and the law support the judgment.

The accident occurred on July 5, 1968, at which time the plaintiff was 71 years old. She entered the store at the north entrance which had two sets of steel-framed glass doors. One set was flush with the sidewalk and the other set opened into the store. The floor just inside the inner doors was covered by three 4 x 8 foot rugs approximately one-half inch thick, with rubber backing and edging. It is undisputed that the rugs were in excellent condition. They were laid side by side and butted together, covering space running eight feet back into the store.

The plaintiff testified that she walked east on the rugs, then turned south to go into the south end of the store, being careful to avoid contact with people leaving the store. In turning to the right, trying to step off the rug with her left foot, her right foot became caught in the rug, causing her to fall forward. She was then unable to move or look around to see what had tripped her. There were no witnesses to the actual fall. Two store employees, Jack Leuzzi and James Campanella, who had gone to plaintiff's assistance after the fall, were called by plaintiff as witnesses. Leuzzi testified that plaintiff was lying face down on the floor, with the lower half of her body still on the rug at the south end of the entrance. In a pre-trial deposition Campanella had testified to the same effect, but when called by plaintiff as a witness he testified that he found her lying completely off the rug. Howard Thode, a private investigator employed by plaintiff, testified that when he examined the rugs after the accident he found a depression where the rugs were butted together which was "readily felt through his shoe, when the sole spanned across from one carpet to the other." The defendant offered no evidence.

Plaintiff urges that it was error for the trial court to take the issues of negligence and proximate cause from the jury. Plaintiff also argues that the trial court infringed on her constitutional right to a trial by jury when it awarded a conditional new trial based on a preponderance of the evidence standard, rather than the manifest weight thereof.

■■ The case of *Pedrick v. Peoria & Eastern R.R. Co.*, 37 Ill.2d 494, established that directed verdicts and judgments notwithstanding the verdict will be entered if all the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors the movant that no contrary verdict based on that evidence could ever stand. On the other hand, the plaintiff must establish by a preponderance of the evidence that defendant was negligent and that such negligence was the proximate cause of the injury. *McInturff v. Chicago Title & Trust Co.*, 102 Ill.App.2d 39.

Plaintiff's theory is that the butting together of the rugs created an unreasonably dangerous depression along the joined edges; that it was this depression that caused plaintiff to fall; and that sufficient evidence was adduced to require the submission of the case to the jury. While plaintiff testified that her foot became caught in the rug, she admitted that she did not know what there was about the rug that caused the fall. No evidence was introduced showing that a depression existed at the time. The nearest approach to such evidence is the testimony of the investigator, Howard Thode, who stated that he inspected the rugs two weeks after the occurrence and found a depression.

■■ The mere use of a floor covering on which an invitee falls is not evi-

dence of negligence. (*Robinson v. Southwestern Bell Tel. Co.*, 26 Ill.App.2d 139.) Plaintiff cites *River v. Atlantic & Pacific Tea Co.*, 31 Ill.App.2d 232, for the proposition that when positive evidence of defects is introduced and some direct evidence—however slight—exists that associates plaintiff's fall with that defect, the issue becomes one for the jury. The *River* case is not in point, since there the plaintiff and her husband actually saw the defect that caused her to fall. No such evidence was presented in the case before us.

■■■ In addition to showing that the depression actually existed and was unreasonably dangerous at the time of the fall, it must also be shown that it was the proximate cause of the injury. The only evidence introduced by the plaintiff on this phase of the case was that of the store employee, Jack Leuzzi, who testified that he found plaintiff lying on the floor with the lower portion of her body still on the rugs. Plaintiff argues that from the proximity of her body to the alleged depression it is reasonable to infer that the cause of the fall was the alleged depression.

In *Celner v. Prather*, 301 Ill.App. 224, the court said at page 227:
> "Proof of a mere possibility is not sufficient. A theory cannot be said to be established by circumstantial evidence, unless the facts are of such a nature and so related, as to make it the only conclusion that could reasonably be drawn. It cannot be said one fact can be inferred, when the existence of another inconsistent fact can be drawn with equal certainty."

While the plaintiff in the instant case offers the depression theory as an explanation of the fall, this is merely a conclusion which is unsupported by any evidence. By her own admission she did not see or feel what caused the fall. The evidence that her body, after the fall, was in close proximity to the alleged depression is too ambiguous an inference upon which to predicate a causal connection.

In *Robinson v. Southwestern Bell Tel. Co.*, 26 Ill.App.2d 139, the court had before it the question of whether the placement of a rubber mat, on which plaintiff caught her heel and fell, constituted negligence on the part of the defendant. In holding that no negligence had been shown, the court pointed out that the defendant had installed the mat for the purpose of improving safety on his premises and that rugs and mats were widely used for this purpose; that while thousands of people tread them safely, it is possible for someone to trip over almost anything, no matter how common its use. In the case before us the plaintiff is a woman of advanced age, and under the circumstances of this case, to assign one theory over another as the cause of her falling would be sheer speculation. The trial court properly entered judgment for the defendant.

We need not consider the question raised with respect to the standard

338

to be used in determining whether a new trial should be granted, as that issue has been rendered moot, so far as this court is concerned, by our affirmance of the judgment *n.o.v.*

Judgment affirmed.

STAMOS, P. J., and LEIGHTON, J., concur.

*OPINION ON REHEARING*

Mr. JUSTICE SCHWARTZ delivered the opinion of the court:

Subsequent to our decision in this appeal, plaintiff filed a petition for rehearing. We have carefully examined the brief which accompanied this petition and find the case of *Holsman v. Darling State Street Corp.*, 6 Ill.App.2d 517, to be the only new matter to be put before this court. This case, not cited in plaintiff's prior briefs, is distinguishable on its facts from the instant case. There, direct evidence was introduced showing that the stairway upon which that plaintiff fell was in a deteriorated condition. In the instant case, the record does not reveal that a dangerous condition existed at the time and place of the occurrence.

Petition for rehearing denied.

STAMOS, P. J., and LEIGHTON, J., concur.