917 F.2d 1306
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Chandra GIROTRA, Plaintiff-Appellant,
v.
ILLINOIS COMMUNITY COLLEGE DISTRICT 502, COUNTIES OF DU
PAGE, COOK AND WILL, in the State of Illinois, et
al., Defendant-Appellee.
 No. 90-1040.
 United States Court of Appeals, Seventh Circuit.
 Argued Oct. 2, 1990.
Decided Nov. 5, 1990.
 
 Before WOOD, JR., COFFEY and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 Chandra Girotra brought this diversity action seeking damages for personal injuries that she sustained when she slipped and fell on stairs located in a building at the College of DuPage. She named as defendants the school, the architect of the building and its general contractor. The district judge granted summary judgment for the defendants because Girotra failed to preserve a disputed issue of material fact regarding the proximate cause of her fall. Girotra appeals only from the judgment entered in favor of the College of DuPage. We affirm.
 
 
 2
 Girotra was an adult student taking a typing class at the College of DuPage. She attended the class two to three times a week for 1 to 1 1/2 months before she slipped and fell down the stairs. It was her third fall within one year. This particular fall occurred around noontime on February 13, 1986, after Girotra left her typing class on the third floor. The stairs were located near a window, and the sun shown through. Girotra descended the stairs next to the center bannister (there was one on each side of the stairs and one in the middle) which was to her left. She did not hold on to the bannister because she was carrying a purse, a textbook, and a file in her left arm. She fell down after leaving the landing between the second and the first floor. There were between six and eight steps from the landing to the first floor. Girotra fell on the first or second step.
 
 
 3
 Girotra did not know what caused her to fall. She thought that she slipped, but was unable to say for sure. She did not know if she caught her heel (about one-inch long) or whether she slipped. She did not know how she fell and had no idea why she fell, other than she thought she slipped because the surface of the stairs was slippery and shiny. She thought she stumbled in some way, but she did not know what caused her to stumble.
 
 
 4
 Girotra admitted that there was nothing different about the stairs on this day than on any other day; that the area where she fell was no different from the rest of the stairs; that she was able to plainly see the stairs; and that she saw no debris, water or other foreign substance on the stairs. She felt uncomfortable on the stairs, but was unable to articulate why. She said that they were "too broad or too something," and were "concrete."
 
 
 5
 Girotra revisited the stairs, for the first time since the accident, on the day of her deposition, which was two years later. During this visit she noticed a chip in one of the steps. However, she did not know if the chip was the cause of the fall, if the chip was in the area of the fall, or if the chip was even missing when she fell.
 
 
 6
 Following the deposition the defendants moved for summary judgment against Girotra. In response Girotra filed an affidavit in which she attested that the chip was missing on the date of her fall; that she did not know the "exact reason" for her fall; and that it was her belief that her fall was caused by "a combination of the shallow steps, the white shiny terrazzo material, and the large chunk of missing stairway."
 
 
 7
 The district judge granted the defendants' motion. He concluded that Girotra's evidence of proximate cause was speculative.
 
 
 8
 This appeal followed.
 
 
 9
 Girotra argues that the entry of summary judgment was improper. She points out that there is a difference between not knowing "what" condition caused her fall and not knowing "which" condition caused her fall. She asserts that she showed that some condition of the stairs caused her to fall, although she did not know which one. This showing was sufficient to create a factual issue as to the proximate cause of her injuries.
 
 
 10
 College of DuPage argues that the entry of summary judgment was proper. The only evidence that Girotra offered on the element of proximate cause was her deposition testimony. In the deposition Girotra testified that she was unable to identify the cause of her fall. This testimony was insufficient to establish proximate cause. Girotra's affidavit testimony that some combination of conditions was the cause of her fall was no less ambiguous. Moreover, to the extent that the affidavit contradicted her deposition testimony, Girotra could not use it to defeat the summary judgment motion.
 
 
 11
 This Court conducts de novo review of the district judge's grant of summary judgment. Greer Properties, Inc. v. LaSalle Nat'l Bank, 874 F.2d 457, 459 (7th Cir.1989). The district judge must grant a motion for summary judgment if the pleadings and discovery "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "A genuine issue of material fact exists only where 'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.' " Anderson v. Liberty Lobby, Inc., 447 U.S. 242, 249 (1986). In other words, summary judgment may be granted if the evidence favoring the nonmoving party "is merely colorable or is not significantly probative." Id. at 249-50. The summary judgment standard thus addresses "whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. Id. at 251-52.
 
 
 12
 The district court properly entered summary judgment in this case. The only evidence that Girotra offered on the element of proximate cause was her deposition testimony. This testimony was purely speculative as to the cause of Girotra's fall. See Monaghan v. DiPaulo Constr. Co., 140 Ill.App.3d 921, 923-24, 489 N.E.2d 409, 410 (1986). Girotra had to prove that some identifiable condition of the stairs caused her fall and that this condition was caused by the College of DuPage. See Kimbrough v. Jewel Co., 92 Ill.App.3d 813, 818, 416 N.E.2d 328, 332. Since Girotra did not know what caused her to fall, and since she presented no other witnesses who could testify on the question, we conclude that the evidence failed to support an inference of probability, rather than of possibility, that a defect in the stairs caused Girotra's fall. See Brett v. F.W. Woolworth Co., 8 Ill.App.3d 334, 337, 290 N.E.2d 712, 714 (1972).
 
 
 13
 The evidence also failed to support Girotra's theory that a missing chip caused her fall. Girotra testified at her deposition that she did not know if the chip was missing when she fell, or if the chip was in the area of her fall. She also testified that the missing chip was one of the changes in the stairs between the date of her fall and the date of her deposition. Girotra could not create an issue of fact as to the existence of the chip by later contradicting this testimony in the affidavit that she filed in opposition to the College of DuPage's summary judgment motion. See Babrocky v. Jewel Food Co., 773 F.2d 857, 861-62 (7th Cir.1985).
 
 
 14
 Girotra's subjective verbal characterizations that the stairs made her feel "uncomfortable," were "lower than normal stairs," were "too broad," or were "slippery and shiny" constituted insufficient evidence on the issue of College of DuPage's negligence, see Lucker v. Arlington Park Race Track Corp., 142 Ill.App.3d 872, 874, 492 N.E.2d 536, 538 (1986), and did not establish any relationship between the alleged negligence and the proximate cause of Girotra's fall.
 
 
 15
 AFFIRMED.