GORDON GRAY, ADMINISTRATOR OF ESTATE OF
NELLIE PEDDYCOART, SUBSTITUTED PLAINTIFF,
v. FIRST NATIONAL BANK OF CROSBY.

85 N. W. (2d) 668.

October 18, 1957—No. 37,155.

*Lipschultz, Altman, Geraghty & Mulally* and *James H. Geraghty,* for appellant.

*Ryan, Ryan & Ebert,* for respondent.

KNUTSON, JUSTICE.

This is an appeal from an order denying defendant's motion for judgment notwithstanding the verdict or a new trial.

The physical facts are not seriously in dispute. Defendant is the owner of a two-story building in Crosby, Minnesota, in which it conducts a banking business on the first floor. The building is located on the northwest corner of an intersection. The front of the building abuts on the sidewalk. A concrete step is constructed from the sidewalk for ingress to and egress from the banking offices. This step is 24 inches wide and 7 feet 8 inches in length. It is 6 inches from the sidewalk to the top of the step, and it is 6¾ inches from the top of the step to the banking-room floor. On this step defendant had placed a rubber mat, described hereinafter, which is about 5 feet in length and 1 foot 10 inches in width. The mat was placed close to the inside of the step, leaving about 1½ or 2 inches at the edge of the step farthest from the building that was not covered by the mat. This mat had been on the step for some years prior to the accident.

On June 30, 1955, Nellie Peddycoart called at the bank to transact business. She was a lady 75 years of age. Since the trial of this case she has died and plaintiff has been substituted in her place, but for convenience she will be referred to hereinafter as plaintiff. Mrs. Peddycoart had resided in Crosby for 13 or 14 years and had been a customer of the bank over that period of time. Customarily she would go to the bank about once a month. She testified that on the day in question, as she was leaving the bank, she stepped down from the banking floor with her left foot near the inside of the step on the mat and then stepped forward with her right foot near the far edge of the mat, and, as she did so, her foot turned and she fell to the sidewalk, sustaining the injuries for which she seeks to recover in this action. She could not say if her foot slipped or twisted, but she thought that she fell forward, rolling sideways as she fell, and landed on her back on the sidewalk.

The only question here is whether the evidence sustains a finding of negligence and whether the evidence establishes contributory negligence on the part of plaintiff as a matter of law.

■ The law pertaining to the duty of defendant to plaintiff as an invitee is not in dispute. It has been stated frequently in past decisions of this court. No one disputes that plaintiff was an invitee of the bank, and the bank had a duty to her as such to exercise reasonable care to keep its building in a reasonably safe condition for her ingress, egress, and progress.[1]

■ We have the mat involved here before us for examination. It has an overall dimension of 1 foot 10 inches in width by 5 feet in length. It is constructed of small pieces of rubber and cord, apparently cut from old automobile tires. The pieces are approximately 3 inches in length, ¾ inch in width, and ½ inch thick. These pieces are placed on their sides in such a manner as to form small triangles and are fastened together with wires run through the ends thereof. As a result, the finished mat is about ¾ inch thick or as thick as the pieces are wide. It is apparent from stepping on the mat, particularly on the edge thereof, that any movement of the feet causes some shifting and tipping of the component parts of the mat.

While the evidence in this case is not strong, we are convinced that it was for the jury to say whether the placing of this mat on a step, such as we have here, met the duty required of the bank for the protection of its customers.

The facts of this case differ from those in such cases as Dukek v. Farwell, Ozmun, Kirk & Co. 248 Minn. 374, 80 N. W. (2d) 53; Johnson v. Brand Stores, Inc. 241 Minn. 388, 63 N. W. (2d) 370; and other cases of a similar nature, in that in those cases the danger involved was apparent to anyone using their eyes in walking into it. The mat in this case was unusual in that its peculiar construction might well lead a person about to step on it to believe that it was solid, whereas a movement on the edge of the mat by a person's foot could cause the pieces comprising the mat to shift and tip. A jury could find that

---

[1]Johnson v. Evanski, 221 Minn. 323, 22 N. W. (2d) 213; Dukek v. Farwell, Ozmun, Kirk & Co. 248 Minn. 374, 80 N. W. (2d) 53; Johnson v. Brand Stores, Inc. 241 Minn. 388, 63 N. W. (2d) 370.

placing such mat on the edge of a step where any shifting or tipping might cause a person to fall to the sidewalk would constitute a failure to exercise due care and that the ensuing result involved here should have or could have been anticipated by defendant in placing the mat on the step as it did.

With respect to the claim that plaintiff was guilty of contributory negligence as a matter of law, it must be kept in mind that, in applying the rule that a person is chargeable with knowledge of the dangers inherent in objects in their path clearly discernible to anyone who looks where he is going, such dangers must be apparent to one who sees them. Here, even though plaintiff saw the mat, a jury could find that she had no reason to believe that the mat was so constructed that the edge of it could tip under the movement of her feet. If the mat had been placed on the sidewalk, there probably would have been no particular danger, but we are not prepared to say that the evidence fails to sustain a finding that the danger inherent in the mat as it was placed was not discernible to plaintiff as she stepped on it. Failure to exercise reasonable care for one's own safety presupposes that the dangers inherent in proceeding in a case of this kind would be apparent to the person who proceeds.

In Rue v. Wendland, 226 Minn. 449, 453, 33 N. W. (2d) 593, 596, we said:

"One's perception, memory, and experience bear upon the question of whether he had knowledge. As a practical proposition, defendant's knowledge here consisted of what he perceived at the moment and his correlation thereof with his memory and experience. While a person is required to exercise his senses not only for the protection of others, but also of himself, the rule of reasonable care requires only that perception shall be reasonable under the circumstances. Reasonable perception does not require a person to perceive what is not apparent. * * * A party deceived by appearances calculated to deceive an ordinarily prudent person may regulate his conduct by such appearances, even though they may be contrary to actual fact."

In Prosser, Torts (2 ed.) § 31, pp. 129, 131, we find the following:

"One of the most difficult questions in connection with negligence

is that of what the actor may be required to know. Knowledge has been defined as belief in the existence of a fact, which coincides with the truth. It rests upon perception of the actor's surroundings, memory of what has gone before, and a power to correlate the two with previous experience. So far as perception is concerned, it seems clear that the actor must give to his surroundings the attention which a standard reasonable man would consider necessary under the circumstances, and that he must use such senses as he has to discover what is readily apparent. He may be negligent in failing to look, or in failing to observe what is visible when he does look. * * *

\* \* \* \* \*

"* * * the individual will not be held to knowledge of risks which are not apparent to him."

Here, plaintiff was chargeable with the duty of not stepping into a position dangerous to herself. She was not chargeable with knowledge of the dangerous propensities of a mat which to all observations would appear to be safe. We think that the question of the contributory negligence of plaintiff was likewise a jury question.

Affirmed.