Florence **NELSON**, Appellant,

v.

**MIDWEST MORTGAGE COMPANY,**
Appellee.

Court of Appeals of Kentucky.

March 22, 1968.

Robert E. Webb, Joe A. Wallace, Wallace & Webb, Louisville, for appellant.

David J. Thompson, Jr., A. J. Deindoerfer, Boehl, Stopher, Graves & Deindoerfer, Louisville, for appellee.

EDWARD P. HILL, Judge.

This appeal is from a judgment entered upon a directed verdict for defendant-ap-

pellee in plaintiff-appellant's action to recover damages for injuries sustained in a fall at appellee's bowling alley.

Appellant contends her fall was caused by a small quantity of water on the floor and that appellee was negligent in not keeping the premises free of such liquid. Appellee counters with the argument that it exercised such care as was required of it and that the evidence was speculative as to how and when the liquid got on the floor.

On the night of April 30, 1965, appellant and four other people, composing her league team, commenced bowling about 8:30 p.m., after awaiting the departure of the team that bowled immediately previous thereto. Appellant was bowling her thirtieth frame, having bowled twenty-nine previous frames, when she slipped and fell fracturing the patella (the kneecap). She customarily used what is known as a "sliding delivery" when bowling, and apparently a small quantity of liquid on the shoe soles caused her slide to get out of control and cause her fall.

Appellee sold soft drinks and beer to its customers, and the circular benches used by the players awaiting their turn to bowl were equipped with holders for their drinks.

Appellant charges that appellee failed to cause the floors to be inspected and cleaned immediately before appellant's team commenced bowling. Appellee admits it did not have its janitor inspect and clean the area involved after the bowling by the group that bowled immediately before appellant's team started.

We examined the evidence relative to the quantity and the location of the "liquid" thought of by appellant as the culprit of the tragedy. Mrs. Laverne Hazelip stated she saw a spot of water about the size of her "thumbnail" on the step leading from the circular bench to the bowling lane. Mr. Gionet and Mr. Blankenship saw "water" under the bench where appellant was sitting. Mr. Gionet said there was water in an area about "eighteen inches square,"

perhaps one-half cup. Mr. Blankenship said he saw water "underneath the bench where the bowlers sit," which covered an area "a foot long" and "maybe six inches across."

The record is silent as to how or when the liquid got on the floor. Some of the members of appellant's team could have spilled it or it could have been the fault of the previous group. We are left entirely to speculation as to who spilled it and as to when it was spilled.

Undoubtedly one conducting such a business as bowling is required to exercise such care as is commensurate with the dangers involved. Bowling is an athletic activity demanding alleys clear of liquid and other debris. The proprietor must exercise ordinary care in maintaining the premises in a reasonably safe condition. See Geraghty v. Burr Oak Lanes, 5 Ill.2d 153, 125 N.E.2d 47; Donoho v. O'Connells Inc., 13 Ill.2d 113, 148 N.E.2d 434; and Burns v. Goldammer, 38 Ill.App.2d 83, 186 N.E.2d 97.

In Burns, supra, the Illinois court said:

" '[L]iability will be imposed where a business invitee is injured by slipping on a foreign substance on the premises if it was placed there by the negligence of the proprietor or his servants; or, if there is no showing how the substance got on the premises, if it appears that the proprietor or his servant knew of its presence, or that the substance was there a sufficient length of time so that in the exercise of ordinary care its presence should have been discovered.' "

There is an absence of any evidence that appellee or its servants spilled the liquid. Neither is there evidence that they knew of the presence of liquid or that it was on the floor a sufficient length of time that in the exercise of ordinary care its presence should have been discovered by appellee.

While we think the "ordinary care" of approaches to bowling lanes de-

mands more frequent inspection and cleaning than of common passageways in retail stores, we do not find any evidence of neglect on the part of appellee or its employees to inspect and keep the premises clean. After all, there must be some duty imposed upon the participants themselves not to litter the premises with liquid or any other material that may cause a fall.

■■ There was some evidence offered by appellant that "there were cigarette stubs about the place," but the cause of appellant's fall was not cigarette stubs. This evidence was competent on the question of knowledge on the part of appellee of conditions, but we do not consider its exclusion to have been sufficiently convincing on the question of notice to justify the conclusion it was prejudicial. With this evidence admitted, we would be of the same opinion that appellant did not prove sufficient facts to require submission to the jury.

The judgment is affirmed.

All concur.