**KROGER COMPANY, a Corporation, Appellant,**

**v.**

**Eldon THOMPSON, Jr., Appellee.**

Court of Appeals of Kentucky.

Sept. 27, 1968.

Charles S. Sinnette, Ashland, for appellant.

C. B. Creech, Stanley R. Hogg, P. Joan Skaggs, Ashland, for appellee.

STEINFELD, Judge.

Eldon Thompson, Jr., entered a Kroger grocery store on July 27, 1965, sometime between 11:00 a. m. and 1:00 p. m. for the purpose of purchasing merchandise. He obtained a grocery cart which was about his waist high, 1 to 1½ feet across the rear and 2 to 3 feet long, and proceeded to shop. He had made one selection, when while looking for other merchandise, he approached the area where there was a line of refrigerated dairy cases. He slipped, fell and was injured.

On his claim against the merchant the jury awarded him $18,212.49. From a judgment entered on that verdict, Kroger appeals. We affirm.

Kroger argues that it was entitled to a directed verdict at the close of the plaintiff's evidence, at the close of all of the evidence and that its motion for judgment notwithstanding the verdict and its motion for a new trial should have been sustained. It contended and now argues that Thompson failed to establish by competent evidence the proximate cause of his fall and injury. It also contends that he did not satisfy the burden of proof required to establish negligence on the part of Kroger and relies on Bosler v. Steiden Stores, 297 Ky. 17, 178 S.W.2d 839 (1944) and Lane v. Cardwell, et al., Ky., 306 S.W.2d 290, 61 A.L.R.2d 302 (1957).

Kroger insists and its counsel argues vigorously that Thompson did not know what caused him to fall or what he fell upon or fell over and that the witnesses whom he introduced did not supply the testimony necessary to establish his claim under the many cases decided by this court on the subject, among which is Kroger Grocery & Baking Co. v. Spillman, 279 Ky. 366, 130 S.W.2d 786 (1939).

■ Thompson admitted that he did not see on what he slipped and fell but witnesses introduced in his behalf furnished adequate testimony upon which the case was properly submitted to the jury. French v. Gardeners & Farmers Market, 275 Ky. 660, 122 S.W.2d 487 (1938). The manager of the store admitted that there was water near the spot where Thompson fell. An employee of the Kroger Company testified that he saw a puddle of water on the floor "maybe a foot and a half long, maybe about a foot wide." The employee was asked and answered as follows:

"Q. 16 Where was it with relation to the position of Mr. Thompson's body?

A. Well, he was behind the puddle as far as, you know, as though he had slipped and fell backwards.

Q. 17 Do you know the source of the water that you saw there on the floor, Mr. Clay, or where it had come from?

A. Well, it apparently had leaked from under the dairy cooler."

\*   \*   \*   \*   \*   \*

Q. 18 In your best judgment and according to your knowledge, Mr. Clay, from where did the water come from?

A. It came from underneath the dairy cooler. Because I had previously saw water leaking under the dairy cooler before so I assumed that it leaked under the dairy cooler that day."

\*   \*   \*   \*   \*   \*

Q. 22 I believe you stated that you had seen water leaking around the dairy cooler prior to this day, is that right, Mr. Clay?

A. Yes, I have seen rags and aprons, old aprons underneath the dairy cooler which were wet, in other words, they were trying to keep the water from leaking out into the aisle."

\*   \*   \*   \*   \*   \*

Q. 26 You could see where his feet—

A. You could see exactly where he slipped.

Q. 27 Were there skid marks?

A. Yes, from the heel of his shoes.

Q. 28 Running from the heel of his shoe?

A. Right."

\*   \*   \*   \*   \*   \*

Q. 44 I believe you stated that you had noticed this case leaking also?

A. Yes, I noticed it once or twice previously.

Q. 45 Do you know how long before that was?

A. No.

Q. 46 But it was on several occasions?

A. Oh, a couple of times I have noticed that they had rags underneath the coolers to absorb the water that was leaking from underneath the coolers."

An engineer testified that water on a floor with vinyl covering such as was used in this store would cause the floor to become slick.

Other witnesses appeared for the claimant, however, it would serve no useful purpose to relate their testimony because the foregoing was sufficient to meet the burden imposed upon Thompson to establish the cause of his fall and that the merchant caused the condition or there was sufficient time for it to learn of the situation. Kroger Grocery & Baking Co. v. Diebold, 276 Ky. 349, 124 S.W.2d 505 (1939).

■ The appellant also contends that its motion for a directed verdict should have been sustained because Thompson was guilty of negligence in failing to observe the wet place on the floor. It relies on Humbert v. Audubon Country Club, Ky., 313 S.W.2d 405 (1958). The court properly instructed the jury that Thompson could not recover if " * * * he failed to exercise the degree of care for his own safety usually exercised by persons in like or similar circumstances, * * * ". Appellee calls our attention to Winn-Dixie Louisville, Inc. v. Smith, Ky., 372 S.W.2d 789 (1963), wherein we said:

"Appellant contends that appellee was contributorily negligent, as a matter of law, in failing to see the cardboard box as she walked down the aisle and toward the scale. We cannot agree. Appellee testified that she did not see the cardboard box until after she fell. We are not convinced that the evidence in this case showed without substantial doubt that appellee could have seen the cardboard box in the position where it was located as she pushed the cart down the aisle of appellant's store to the position where she

removed the produce from the cart and handed it to appellant's employee. While appellee was required to exercise ordinary care for her own safety, such did not require her to look directly down at her feet with each step taken. Humbert v. Audubon Country Club, Ky., 313 S.W.2d 405. Appellee had entered appellant's market as a customer. At the time she sustained the fall she was in a part of the market where she had a right to be, and where expected to be, as an invitee. Wall v. F. W. Woolworth Co., 209 Ky. 258, 272 S.W. 730. She had a right to assume that the floor of the market would be free from obstructions of a dangerous nature. While she was required to exercise ordinary care for her own safety, she was not required to look for danger when there was no reason to apprehend danger.

"The question of contributory negligence is ordinarily one for the jury, and it is only when the proof is such that reasonable minds can draw but one conclusion, that is, that plaintiff was negligent, that the question is one of law for the court to decide. Winebarger v. Fee, 305 Ky. 814, 205 S.W.2d 1010."

We hold that the principles announced in Winn-Dixie Louisville, Inc. v. Smith, supra, apply. There was no error in submitting this question to the jury. Silverman v. Bowman, Ky., 411 S.W.2d 906 (1967).

■ While not included in the Statement of Questions to be presented (RCA 1.210(a) 2) the appellant argues that the verdict compensated Thompson for "Loss of time for playing basketball, volleyball and swiming" and not for inability to work. At the time of the accident Thompson was working regularly and earning approximately $500.00 per month. After his injury he had not worked up to the time of the trial which was approximately two years after the accident occurred. Adequate testimony convinced the jury that he was unable to labor. It awarded him $5,000.00 for pain and suffering. His medical expenses were $2,192.-

49. We find nothing in the record which convinces us that an award of $11,020.00 for loss of time was excessive.

The judgment is affirmed.

All concur.