**CUMBERLAND COLLEGE, a Corporation, Appellant,**

**v.**

**Mrs. Inez (Chester) GAINES, Appellee.**

Court of Appeals of Kentucky.

Oct. 11, 1968.

T. E. Mahan, Williamsburg, Roy E. Tooms, Jr., Brown, Tooms & Helton, London, for appellant.

Garrett G. Teague, Jr., Williamsburg, Robert L. Milby, Hamm, Taylor & Milby, London, for appellee.

SCOTT REED, Special Commissioner.

This is an action for personal injuries sustained by the appellee while a student in college. Appellee fell during a physical education class while she was engaged in a game conducted as a part of the class. She sued the appellant-college alleging negligence on its part by reason of the existence of a sticky substance on the floor of the gymnasium which caused her fall.

The trial of the action resulted in a jury verdict in appellee's favor in the amount of $10,000.00 upon which judgment was entered. The appellant-college appeals from this judgment upon the following grounds: (1) The proof did not establish any actionable negligence on the part of appellant and its motions for directed verdict at the close of the appellee's evidence and at the close of all the evidence should have been sustained, and since they were improperly overruled, it is entitled to judgment n. o. v., it having timely moved the trial court to this effect; (2) The appellee was guilty of contributory negligence as a matter of law and is not entitled to recover; and (3) The verdict in the amount of $10,000.00 in appellee's favor is excessive as a matter of law.

Our consideration convinced us that we need discuss only the first ground asserted by appellant, and in view of our disposition of the case, it will be unnecessary to discuss the other grounds urged for reversal.

Viewing the evidence in the light most favorable to the appellee, and giving her the benefit of all permissible, favorable inferences which may be drawn from her proof, it appears that appellee was a student enrolled in Cumberland College, and as a part of her course of study, she was enrolled in a special physical education class. On the occasion in question, while playing a game as a part of the class which necessitated running across the gymnasium floor, the appellee slipped and fell by reason of a dark, sticky liquid substance on the hardwood gymnasium floor. The sticky liquid substance was described by the witnesses as about the size of the top of a tea cup and located in three or four spots from six inches to a foot apart in the area where the appellee fell. No one saw the liquid prior to appellee's fall, and the character of the liquid was described only as dark and sticky.

In order to fairly present the issue, it should be stated that appellant's proof was negative in character, merely establishing that no liquid was observed on the floor prior to appellee's fall, and the class instructor for appellant was unable to testify that he had made an inspection of the floor prior to conducting the class.

Upon this total evidence, it is established, for purposes of the disposition of this appeal, that appellee's showing was that she fell as a result of an unknown foreign sticky substance, dark in color, on the floor of the gymnasium, which had existed there for an unknown length of time prior to her fall, and was placed there by persons unknown.

■ It is our conclusion that this showing was insufficient to make a submissible case concerning the negligence of the appellant, and that the appellant's motions for directed verdict and for judgment n. o. v. should have been sustained.

There are two excellent annotations concerning the problem herein presented which collect foreign cases as well as cases from this jurisdiction, both of which squarely sustain the conclusion which we have reached. See 61 A.L.R.2d, Annotation entitled, "Liability of Proprietor of Store, Office or Similar Business Premises for Injury from Fall Due to Presence of Litter or Debris on Floor", Pages 6–100.

And also see Annotation entitled, "Liability of Proprietor of Store, Office, or Similar Business Premises for Injury From Fall on Floor Made Slippery by Tracked-In or Spilled Water, Oil, Mud, Snow, And The Like," 62 A.L.R.2d, Pages 6–124.

■ We agree with appellee that on the occasion of the injury in question, the duty of the appellant to the appellee was measured by that of a possessor of premises toward an invitee. See Lexington Country Club v. Stevenson, Ky., 390 S.W.2d 137 (1965) and Ferrell v. Hellems, Ky., 408 S.W.2d 459 (1966). However, as pointed out in the annotations just cited, it is generally recognized that proof of the occurrence of the fall does not, of itself, evidence negligence on the part of the possessor of the premises. It is also pointed out therein that the res ipsa loquitur doctrine is inapplicable in suits of this kind.

Our cases have generally followed the weight of authority as to what is necessary for a plaintiff to establish in order to make a submissible case of negligence against a possessor of business premises for a breach of duty to an invitee by reason of a slippery substance on the floor of the business premises.

■ Where the floor condition is one which is traceable to the possessor's own act—that is, a condition created by him or under his authority—or is a condition in connection with which the possessor is shown to have taken action, no proof of notice of the condition is necessary. However, where it is not shown that the condition was created by the possessor or under his authority, or is one about which he has taken action, then it is necessary to introduce sufficient proof by either direct evidence or circumstantial evidence that the condition existed a sufficient length of time prior to injury so that in the exercise of ordinary care, the possessor could have discovered it and either remedied it or given fair adequate warning of its existence to those who might be endangered by

it. Kroger Co. v. Thompson, Ky., 432 S.W. 2d 31 (decided September 27, 1968). In this connection, the proof of notice has, on occasion, been held sufficient by reason of the character of the substance and the use of the premises in which it was located, when taken in connection with its appearance and apparent age. The requirement of evidence from which an inference of notice may be permissibly inferred has been, on other occasions, satisfied by means of spontaneous exclamations of servants of the possessor immediately after the injury. In any event, it has always been held that the requirement of notice must be satisfied by either direct or circumstantial evidence. That is the fatal defect in the total evidence introduced by both parties in this case so as to make a submissible case from which a jury could, without speculation or conjecture, permissibly infer negligence on the part of the appellant.

In Lyle v. Megerle, 270 Ky. 227, 109 S. W.2d 598 (1937), a situation was presented in which the plaintiff's evidence established the existence of a condition giving rise to the injury for a sufficient length of time prior to the injury so that notice to the possessor could be permissibly inferred and a sufficient submissible case of negligence was made out. (Lyle v. Megerle was discussed in Standard Oil Co. v. Manis, Ky., 433 S.W.2d 856 decided October 4, 1968).

In Curtis v. Traders Nat. Bank, 314 Ky. 765, 237 S.W.2d 76 (1951), there was an implicit finding that the possessor of the premises had actual knowledge of the hazardous condition.

In City of Madisonville v. Poole, Ky., 249 S.W.2d 133 (1952), the character of the foreign substance itself, which was ice, and the time factor involved concerning its formation, was held to be a sufficient showing by circumstantial evidence of the requirement of notice to the possessor so that a jury question was presented. It should be further noted that this was an

instance of an entranceway, the use of the premises was a club house, and a caretaker was provided. These circumstances, considered together, were held to be a sufficient showing by circumstantial evidence of the requirement of notice to the possessor so that a jury issue was created.

The case of Rojo, Inc. v. Drifmeyer, Ky., 357 S.W.2d 33 (1962), appears to be the only authority relied upon by appellee so far as the issue under consideration is concerned. The opinion in that case, however, recognizes the validity of the principles stated herein, but the case is readily distinguishable when the significant facts are considered. The character of the foreign substance was a deposit of vomit existing in an entranceway to a restaurant and bar, and an admissible statement of the possessor's manager made immediately after the plaintiff's injury, under specific circumstances of spontaneity to make it credible, established that the manager knew of the presence of the foreign substance thirty minutes before the plaintiff's fall and had instructed an employee to clean it up. Thus, chargeable notice to the possessor was shown, as well as an intent to take action on the part of the possessor's manager. This, of course satisfies the requirement of the rule in such cases, as we have stated.

The instant case falls under the category illustrated by the cases of Kroger Grocery & Baking Co. v. Spillman, 279 Ky. 366, 130 S.W.2d 786 (1939) and Herring v. Great Atlantic & Pacific Tea Co., 253 F.2d 954 (6 Cir. 1958). Hence, it is our conclusion that the appellee failed to make a submissible case of negligence against appellant, nor, as a matter of fact, can we find anything in the total evidence introduced by both appellee and appellant that would justify submission of the case to the jury.

The judgment is reversed with directions to enter judgment for appellant.

All concur.