NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0213n.06

No. 13-5713

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Mar 19, 2014
DEBORAH S. HUNT, Clerk

JAMES DENNEY,

     Plaintiff-Appellant,

v.

STEAK N SHAKE OPERATIONS, INC.,

     Defendant-Appellee.

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF KENTUCKY

BEFORE:    CLAY and DONALD, Circuit Judges; MAYS, District Judge.[*]

    **CLAY, Circuit Judge.**  In this negligence case, Plaintiff James Denney appeals from the district court's grant of summary judgment in favor of Defendant Steak N Shake Operations, Inc. We **REVERSE** and **REMAND** for trial.[1]

## BACKGROUND

    On October 26, 2010, Plaintiff and his wife accompanied their 13-year-old daughter to a doctor's appointment at a hospital in Louisville, Kentucky. Tornados were sweeping through the area, so Plaintiff and his family had to shelter in the hospital basement for several hours before they could see the doctor. As they drove home from the hospital, Plaintiff pulled off the

---

[*]The Honorable Samuel H. Mays, Jr., United States District Judge for the Western District of Tennessee, sitting by designation.

[1]Plaintiff also appeals the district court's denial of Plaintiff's motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Since we reverse the district court's summary judgment ruling, Plaintiff's Rule 59(e) appeal is moot.

highway to find a bathroom he could use. Plaintiff spotted a Steak N Shake restaurant and the family decided to get something to eat after Plaintiff had used the restaurant's bathroom.

The floor of the Steak N Shake restaurant—at least the areas open to the public—is all covered in the same red, black, and white tiling. Despite the storms outside, no water appeared to have been tracked onto the restaurant's floor. Nor was there any debris observed on the floor en route to the bathroom. Nonetheless, as Plaintiff pushed on the bathroom door, his left foot slid a few inches to the left and his knee "tweaked out of place." (R. 25-2, Pl.'s Dep., at 158.) Plaintiff did not fall and no one observed the incident. Once Plaintiff tweaked his knee, he noticed that the floor was slick—"just as slick as a skating rink," he testified. (*Id.* at 159.) But nothing seemed distinguishable about that area of the floor. According to Plaintiff, the entire restaurant had an unusually slippery floor. Plaintiff testified that he saw an older gentleman who "couldn't even hardly walk" on the slick floors. (*Id.*) He also testified that "[e]ven the waitresses [were] skating around, you could see them slipping and sliding." (*Id.* at 159–60.)

After tweaking his knee, Plaintiff rejoined his family in the restaurant for their meal. Plaintiff spoke to his waitress about the slippery floors. Although Plaintiff did not recall the conversation in detail, he testified that "I think I remember her agreeing with me about, you know, it's like that all the time." (R. 26-1, Pl.'s Dep., at 185.) At some point during their meal, the restaurant manager approached their table and introduced himself. Plaintiff told the manager that he had slipped opening the bathroom floor and that his knee was hurting. The manager offered to take Plaintiff's contact information to fill out an incident report, then went to inspect the floor where Plaintiff had slipped. The manager claimed he did not see any dampness or debris on the floor and no Steak N Shake employee took any corrective action in response to

Plaintiff's complaint—as the manager testified, "[t]here was nothing, really, to take care of." (R. 25-3, Stahl Dep., at 170.)

Plaintiff claims that he suffered a serious knee injury as a result of his visit to Steak N Shake. It was not the first time Plaintiff had knee problems. Plaintiff had surgery to repair the ACL in his left knee in approximately 1990. Subsequent to the incident at the Steak N Shake in October 2010, a scan taken of Plaintiff's left knee in December 2010 revealed an ACL tear. In December 2012, Plaintiff underwent another surgery on his left knee to replace his torn ACL.

In October 2011, Plaintiff filed suit in Kentucky state court, asserting just one claim for negligence. Defendant timely removed. After discovery, Defendant moved for summary judgment solely on the basis that Plaintiff had not met his burden of showing that the restaurant floor was in an unreasonably dangerous state. The district court granted this motion in February 2013. Plaintiff timely filed a motion under Rule 59(e) of the Federal Rules of Civil Procedure, asking the court to amend its judgment to correct clear legal error and avoid manifest injustice. The district court denied this motion and Plaintiff timely appealed.

## DISCUSSION

We review *de novo* a district court's grant of summary judgment. *See, e.g.*, *Binay v. Bettendorf*, 601 F.3d 640, 646 (6th Cir. 2010). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Provided that the parties have had adequate time for discovery, a party in Defendant's position may move for summary judgment by asserting that the nonmoving party will be unable to present evidence supporting his claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). At that point, the burden shifts to the nonmovant to introduce specific facts that demonstrate the existence of a genuine issue

precluding summary judgment. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The facts that are introduced in connection with a motion for summary judgment must be construed in the light most favorable to Plaintiff as the nonmovant. *See Kalamazoo Acquisitions, L.L.C. v. Westfield Ins. Co.*, 395 F.3d 338, 342 (6th Cir. 2005).

Plaintiff asserts a single claim for negligence in this case. Under Kentucky law, a property owner, such as Defendant, must exercise reasonable care to protect invitees, such as Plaintiff, from hazardous conditions that the property owner knew about or should have discovered and the invitee could not be expected to discover. *See Lanier v. Wal-Mart Stores, Inc.*, 99 S.W.3d 431, 432–33 (Ky. 2003). The plaintiff must ultimately prove negligence on the part of the property owner. *See id.* at 436–37. However, to survive a motion for summary judgment, a plaintiff need only show that, "(1) he or she had an encounter with a foreign substance or other dangerous condition on the business premises; (2) the encounter was a substantial factor in causing the accident and the customer's injuries; and (3) by reason of the presence of the substance or condition, the business premises were not in a reasonably safe condition for the use of business invitees." *Martin v. Mekanhart Corp.*, 113 S.W.3d 95, 98 (Ky. 2003). If the plaintiff can satisfy this standard, the burden shifts to the defendant to prove the absence of negligence. *See Bartley v. Educ. Training Sys., Inc.*, 134 S.W.3d 612, 616 (Ky. 2004). However, since Defendant did not attempt to prove the absence of negligence when it moved for summary judgment, only Plaintiff's prima facie case is before us on appeal.

Kentucky courts have most often found summary judgment inappropriate where a plaintiff can point to a discrete hazard on the floor. *See Dick's Sporting Goods, Inc. v. Webb*, 413 S.W.3d 891, 896 (Ky. 2013) (plaintiff slipped on wet tile that appeared to be dry); *Martin*, 113 S.W.3d at 96–98 (plaintiff slipped on oil); *Lanier*, 99 S.W.3d at 433 (plaintiff slipped on

spot of clear liquid that she did not notice); *Lyle v. Megerle*, 109 S.W.2d 598, 599 (Ky. 1937) (plaintiff slipped on slush). Plaintiff concedes that the tile he slipped on did not appear to differ from the others covering the restaurant floor; rather, he argues that the entire floor was not in a reasonably safe condition. Defendant denigrates this position by likening this case to *Jones v. Abner*, 335 S.W.3d 471 (Ky. Ct. App. 2011), where the plaintiff slipped in a slick hotel bathtub, but had "'no idea' why the tub was especially slick that morning." *Id.* at 474. By the nature of the setting, the plaintiff had only her own experience in the tub to rely upon, plus a "speculative hypothesis that a 'slick residue' was left in the bathtub after it was cleaned." *Id.* at 476. The case now before us differs in a key respect. Plaintiff testified under oath that he saw other people encountering difficulty walking on the restaurant floor. Plaintiff could not identify a specific individual responsible for the floor's allegedly defective condition, but Kentucky law no longer requires this of a plaintiff on summary judgment. The restaurant manager testified that he did not see any problem with the floor, but weighing evidence is the jury's task, not the Court's. Plaintiff's competent testimony about others in the restaurant slipping on the floor satisfied this element of his prima facie case. *See Purnell v. City of Akron*, 977 F.2d 582, at *3 (6th Cir. 1992) (per curiam) (unpublished) ("Even though this [eyewitness testimony] is plaintiffs' only evidence of excessive force and is contradicted by other evidence, it is sufficient to meet the burden for overcoming summary judgment . . . ."); *Johnson v. Brewer*, No. 2010-CA-002096-MR, 2012 WL 331423, at *3–4 (Ky. Ct. App. Feb. 3, 2012) (unpublished).

The district court also held that even if Plaintiff had established the negligence element of his prima facie claim, summary judgment remained appropriate on the ground of lack of causation. However, Defendant limited its motion for summary judgment to one issue—whether Plaintiff had established that the floor was unreasonably dangerous. Plaintiff had no notice that

he needed to respond to causation arguments that Defendant never bothered to make. Under these circumstances, the district court erred in granting summary judgment on this issue. *See Bennett v. City of Eastpointe*, 410 F.3d 810, 817 (6th Cir. 2005).

## CONCLUSION

For these reasons, the district court's order granting Defendant's motion for summary judgment is **REVERSED** and the case is **REMANDED** for trial.

**MAYS**, **District Judge**, Dissenting. This is a negligence case. Summary judgment is proper if no reasonable jury could return a verdict for the nonmoving party. *See Wasek v. Arrow Energy Servs.*, 682 F.3d 463, 467 (6th Cir. 2012) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

I.

The material facts are undisputed. Plaintiff's left foot slipped a few inches on the floor of Defendant's restaurant, and Plaintiff "tweaked" his knee. He did not fall. There was no water or debris on the floor that might have caused his "slip."

Under Kentucky law, a business is not strictly liable for injuries on its premises. *See Lanier v. Wal-Mart Stores, Inc.*, 99 S.W.3d 431, 432-33 (Ky. 2003). To recover for an injury, a plaintiff must prove negligence on the part of the property owner. *Id.* at 436-37. To survive a motion for summary judgment in a premises liability case, a plaintiff must show, among other things, that "he or she had an encounter with a foreign substance or other dangerous condition on the business premises . . . ." *Martin v. Mekanhart Corp.*, 113 S.W.3d 95, 98 (Ky. 2003).

In *Jones v. Abner*, the court found that the plaintiff had failed to meet her burden when she fell in a bathtub because of an invisible but slick substance. 335 S.W.3d 471, 475 (Ky. Ct. App. 2011). Offering only a "speculative hypothesis that a 'slick residue' was left in the bathtub after it was cleaned . . . does not satisfy our standards for summary judgment." *Id.* at 476.

Plaintiff admits "that no water or other substance had puddled on the floor, [that] nothing differentiated the tile on which he slipped from the tiles on the rest of the floor, and [that] no other objects rested on the floor that could have caused his slip." Those admissions establish that there is no breach of duty and that summary judgment is appropriate. *See*, *e.g.*, *Martin*, 113 S.W.3d at 98.

II.

The district court also correctly granted summary judgment for lack of causation. On a motion for summary judgment, a plaintiff must show that a foreign substance or unreasonably dangerous condition was a "substantial factor in causing . . . the customer's injuries[.]" *Id.* There is no evidence of causation in the record. Plaintiff testified that his left foot slid a few inches on the floor and his knee "tweaked out of place." Plaintiff never fell. Two months later, a scan revealed a torn ligament in his left knee. Two years later, Plaintiff had surgery to repair his ligament. No reasonable jury could conclude that an invisible slick substance on a restaurant floor and a slip of a few inches were a "substantial factor" in tearing Plaintiff's knee ligament. *Martin*, 113 S.W.3d at 98.

III.

The issue of causation was squarely before the district court, and Plaintiff was on notice that he would have to defend on that issue. *See*, *e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

Defendant moved for summary judgment on Plaintiff's cause of action for negligence. (ECF No. 25-1 at 1, 5.) Defendant specifically raised the element of causation, and Plaintiff demonstrated that he had actual notice of his obligation to establish that element. In its motion, Defendant stated that, "[t]o succeed on a claim for negligence, a claimant must establish the existence of . . . a *causal* connection between breach and the injuries suffered." (ECF No. 25-1 at 5 (emphasis added).) Defendant concluded that "Plaintiff has failed to develop any proof that an unreasonably dangerous condition *caused* his alleged injury . . . ." (*Id.* at 8 (emphasis added).) Plaintiff's response recognized his obligation to establish causation, acknowledging that he had the burden to show that Defendant's breach "was a substantial factor in *causing* the

accident and the customer's injuries . . . ." (Def. Resp., ECF No. 26 at 5 (emphasis added).) Plaintiff had notice that he needed to respond to Defendant's causation arguments and to show causation.

*Bennett v. City of Eastpointe*, 410 F.3d 810, 817 (6th Cir. 2005), is not to the contrary. *Bennett* addresses lack of notice when a court grants summary judgment *sua sponte*. *See id.* Summary judgment was inappropriate in *Bennett* because "nothing gave the plaintiffs any notice that they would be forced to defend against a nonexistent motion . . . ." *Id.* Here, Defendant moved for summary judgment on Plaintiff's cause of action for negligence.

IV.

On a properly stated motion for summary judgment, express notice on each element is not required. Under Supreme Court precedent, "the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp.*, 477 U.S. at 325; *accord Peterson v. Johnson*, 714 F.3d 905, 910 (6th Cir. 2013). On that showing, the burden shifts to the nonmoving party to establish a genuine dispute on each element. *Celotex Corp.*, 477 U.S. at 322. If the nonmoving party fails to do so, a district court does not simply have the authority to grant summary judgment, "Rule 56(c) <u>mandates</u> entry of summary judgment." *Id.* (emphasis added).

Defendant made the required showing. The nine-page memorandum supporting Defendant's motion cited ten specific admissions by Plaintiff that established a lack of evidence for his cause of action, stated clearly the standard for summary judgment, and argued concisely that no reasonable jury could find in Plaintiff's favor. That "showing" of an absence of evidence shifted the burden to Plaintiff to establish each element. *See Celotex Corp.*, 477 U.S. at 325. To

require more would undermine the traditional authority of courts to grant summary judgment in meritless cases. *Id.* at 322.

## V.

Plaintiff has waived any argument that the district court erred in granting summary judgment on causation because Plaintiff lacked notice. Plaintiff does not argue that the district court should not have decided causation or that Plaintiff lacked notice that the issue was before the court. Plaintiff argues that the district court decided the issue incorrectly. Plaintiff's contention is that he has established every element of a *prima facie* case of negligence under Kentucky law.

Under our precedent, an appellant waives an issue when he fails to present it in his initial briefs before the court. *Marks v. Newcourt Credit Group, Inc.*, 342 F.3d 444, 462 (6th Cir. 2003). Only in an exceptional case would the court raise a waived issue *sua sponte*. *In re Morris*, 260 F.3d 654, 664 (6th Cir. 2001). This slip case is in no way exceptional.

## VI.

There is no breach of duty. There is no causation. There is no negligence. No reasonable jury could return a verdict for Plaintiff. I respectfully dissent.